LEE *v.* STATE OF INDIANA.

[No. 29,577. Filed February 17, 1959.]

*Robert S. Baker,* Public Defender and *Thomas A.* *Hoadley,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling*

and *Robert M. O'Mahoney,* Deputy Attorneys General, for appellee.

LANDIS, C. J.—This is an appeal from a judgment denying apellant's petition to correct an allegedly erroneous sentence of appellant by the lower court, appellant's petition being filed pursuant to Rule 2-40 B of this court.[1]

Appellant was convicted in 1954 of second degree burglary, and being a male person 17 years of age was sentenced under the minor's statute for a term of 1 to 10 years instead of the 2 to 5 year term provided for second degree burglary. Appellant contends he should have been sentenced under the burglary statute for 2 to 5 years rather than to 1 to 10 years under the minor's statute.

To understand the question here presented we now quote from the two statutes:

The second degree burglary statute provides:

"Whoever breaks and enters into any boat, . . . or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or

---

1. Rule 2-40B of the Supreme Court provides:

"Whenever it shall appear from the indictment or affidavit and final judgment in any criminal cause that an erroneous sentence has been imposed by the trial court, the defendant in such cause may at any time petition the trial court to correct retroactively such judgment to conform to the term of imprisonment specified in the applicable statute upon proper notice (By serving a copy of the petition in person or by mail) upon the Prosecuting Attorney of the circuit and the Attorney General of Indiana. An appeal may be taken to the Supreme Court from a final order granting or denying said petition under the same rules and conditions as provided in Rules 2-40 and 2-40A of this Court. Effective November 16, 1954."

profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law." Burns' Indiana Statutes §10-701(b), 1956 Replacement, being Acts of 1941, ch. 148, §4, p. 447.

The Minor's Act is as follows:

"Whenever any person under the full age of twenty-one [21] years who has not theretofore been convicted of a felony, shall have been convicted of any crime the punishment for which is imprisonment in the Indiana Reformatory or the Indiana Woman's Prison, such person may be sentenced to said reformatory or woman's prison for a term of not less than one [1] year nor more than ten [10] years, or the court, in its discretion, may sentence said person to the Indiana State Farm, or to the Indiana Woman's Prison, for any determinate period not exceeding one year; Provided, That nothing herein contained shall apply to any person convicted of an offense punishable by life imprisonment or death." Burns' Indiana Statutes, §9-1815, 1956 Replacement, being Acts of 1905, ch. 169, §270, Acts of 1929, ch. 138, §1, p. 446, Acts of 1941, ch. 148, §10, p. 447.

Appellant contends under a proper construction and application of the above statutes, the trial court erred in sentencing appellant under the Minor's Act.

Appellant cites *Terry* v. *Byers* (1903), 161 Ind. 360, 68 N. E. 596, and *Miller* v. *State* (1898), 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109, for the proposition that whenever a person is sentenced under the indeterminate sentence law, that the punishment in each case is for the maximum time prescribed by the statute.

Appellant quotes the earlier Minor's Act of 1905 (as amended by the Acts of 1927, ch. 202, §1, p. 579), in which it was provided that "Whenever any person under the full age of twenty-one years . . . shall have

been convicted of any crime, . . . such person *shall* be sentenced to . . . said reformatory . . ." (emphasis added), and states that when the subsequent version of the statute in 1929 (the later amendment of 1941 not involving the provision here in question) changed "shall" to "may", the legislature had in mind the Terry and Miller Cases above cited, and that it would be unjust and unconscionable and accordingly beyond the court's authority to apply a statute giving the minor a greater maximum sentence than he would receive if he were an adult.

We are unable to follow appellant's reasoning that a proper construction of the Minor's Act of 1929 limits the power of the court to invoke its provisions to cases where the penalty thereunder would not exceed the penalty under the criminal statute as applied to adults.

Under the earlier 1905 Act the trial court had no discretion but in all applicable cases had to apply the Minor's Act. The change in the act in substituting "may" for "shall" was obviously intended to make the invocation of the statute a discretionary matter with the trial court. There is no ambiguity in the subsequent version of the statute and we are unable to say the court's discretion in applying the act should be limited at all events to cases where the minor could receive no larger penalty than an adult.

Appellant has cited the case of *Chism* v. *State* (1931), 203 Ind. 241, 179 N. E. 718, in support of his position, but that case in reality supports the action of the court below. In the Chism Case, we held the lower court in its discretion could sentence a minor under the statute for robbery (10 years) applicable to adults and need not invoke the Minor's Act (providing 1-10 years or less). So, if the trial court is in all cases to invoke the

Minor's Act or not depending on whether the court's action would be lenient toward minors, the opposite result would have been reached in the Chism Case. If the legislature had intended any such limitation of the court's discretion, it could have said so, and we are not at liberty to rewrite the statute to so provide. There is no ambiguity in the statute and no abuse of the court's discretion has been shown.

It should also be noted that the Minor's Act not only provides the court may sentence the accused minor for a 1 to 10 year term, but also provides "the court in its discretion may sentence such person to the state farm for any determinate period not exceeding one year . . . ." If the court's discretion were limited to giving the minor the utmost leniency, instead of giving him 2 to 5 years under the burglary statute as urged by appellant, the court would have had to sentence him for a determinate period not exceeding one year. This illustrates the untenability of appellant's position on this appeal. The fact that a hardened criminal conceivably might receive 2 to 5 years whereas a minor might receive 1 to 10 years does not make the statute bad from the point of statutory construction, nor does it mean the court abused its discretion. The purpose of imprisonment is to reform rather than punish persons who have committed crime, and the legislature in changing the law to give trial courts discretion over the sentencing of minors obviously thought it desirable to give trial judges an area of latitude in this field.

Some of the arguments advanced by appellant may have been intended to raise constitutional questions as to the legislation in question, but as no questions as to constitutionality were raised in the trial court we are not at liberty to discuss them here.

The judgment is affirmed.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 156 N. E. 2d 78.