**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Charles R. HUBER, Appellee (Defendant Below).**

No. 37A03–8812–CR–372.

Court of Appeals of Indiana, Third District.

July 3, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Michael Riley, Riley & Riley, Rensselaer, for appellee.

HOFFMAN, Judge.

The State of Indiana appeals from a trial court judgment ordering the Indiana Bureau of Motor Vehicles to remove a license suspension for breath test refusal from the driving record of defendant-appellee Charles Huber. The facts relevant to this appeal are summarized below.

On July 30, 1988, Huber was stopped by an Indiana State Police trooper for speeding. After conducting field sobriety tests, the trooper determined that he had probable cause to request Huber to submit to a

---

breathalizer test. The trooper recited the Implied Consent Law from memory:

"I said 'sir I have probable cause to believe you have—that you have operated a motor vehicle while intoxicated. Before I place you under arrest I must first offer you the opportunity to take a breath test to be given by a chemical breath test operator. If you refuse to submit to this test, your license to drive may be suspended for one year. Will you take the test?' "

Huber refused to submit to a breathalizer test, and the trooper placed him under arrest for operating a motor vehicle while intoxicated. Huber's license was also suspended.

A hearing on the breath test refusal was held on September 7, 1988. The lower court found that Huber was not properly advised of the Implied Consent Law. On that basis, the court ordered the license suspension for breath test refusal to be removed from Huber's driving record.

On appeal, the State argues that the trial court erroneously based its decision upon a finding that Huber's refusal of a breathalizer test was not knowing. Because the court made no such finding, the issues presented for review are more appropriately stated as follows:

(1) Does the Implied Consent Law require an arresting officer to advise a person of the consequences of refusing to submit to a chemical test, before the person's refusal will result in a suspension of driving privileges?

(2) If such an advisement is required, did the trooper's recitation in the instant case adequately convey the consequences of refusal?

■ Indiana's Implied Consent Law provides in pertinent part:

"(a) If a person refuses to submit to a chemical test, the arresting officer shall inform the person that his refusal will result in the suspension of his driving privileges.

(b) If a person refuses to submit to a chemical test *after having been advised that the refusal will result in the sus-*

*pension of his driving privileges ...,* the arresting officer shall forthwith:

(1) obtain the person's driving license or permit if the person is in possession of the document and issue a receipt valid until the person's driving privileges are suspended by the bureau;

(2) submit a probable cause affidavit to the prosecuting attorney of the county in which the alleged offense occurred; and

(3) send a copy of the probable cause affidavit submitted under subdivision (2) to the bureau." [Emphasis added.]

IND.CODE § 9–11–4–7 (1988 Ed.).

The statute contemplates that the arresting officer shall advise a person of the consequences of refusing to submit to a chemical test, before steps are taken to suspend that person's driving privileges for test refusal.

In *Roberts v. State* (1985), Ind.App., 474 N.E.2d 144, the appellate court confirmed that a warning of the consequences of chemical test refusal is one of the elements essential to a suspension of driving privileges under the Implied Consent Law. Emphasizing that the statute does not impose a *mens rea* requirement, the Court identified the requisites for license suspension under IND.CODE § 9–11–4–7:

"All that is required is that the suspect driver knows that he has been asked to submit to a chemical test and that he has been advised of the consequences of his refusal."

*Roberts, supra,* 474 N.E.2d at 150.

■ As an admonition of the consequences of chemical test refusal is required before a suspect driver's privileges may be suspended, the next question is whether the advisement in the instant case adequately conveyed the consequences of test refusal. The trooper warned Huber, "If you refuse to submit to this test, your license may be suspended for one year." The Implied Consent Law requires an advisement that refusal *will* result in suspension. IND.CODE § 9–11–4–7. The trial court noted the discrepancy between the trooper's recitation and the statutory directive, and it concluded that Huber was

not properly advised of the consequences of his refusal.

The reviewing courts of Indiana have not previously considered the language that must be employed by an arresting officer in order to fulfill the advisement requirement of the Implied Consent Law. Persuasive extra-jurisdictional authority is found, however, in the decisions of the California appellate courts.

California's Implied Consent Law, like Indiana's statute, requires a warning of the consequences of chemical test refusal prior to the suspension of a suspect driver's license. Specifically, Cal.Vehicle Code § 23157 (West 1989) states:

"The person shall be told that his or her failure to submit to, or the failure to complete, the required chemical testing *will* result in a fine and ... the suspension of the person's privilege to operate a motor vehicle for a period of six months...." [Emphasis added.]

*Id.* at (a)(1).

The courts which have addressed the advisement requirement of Cal.Vehicle Code § 23157 have ruled that the language used by an arresting officer must adequately convey to the driver that the adverse result will follow upon refusal. *Giomi v. Director, Dept. of Motor Vehicles* (1971), 15 Cal.App.3d 905, 907, 93 Cal.Rptr. 613, 613. An advisement is insufficient if it only indicates a possibility of suspension in the event of a refusal to undergo the chemical test. *Id.* The court in *Thompson v. Dept. of Motor Vehicles* (1980), 107 Cal.App.3d 354, 165 Cal.Rptr. 626, articulated the following test: "A sufficient advisement must convey to the driver the 'strong likelihood' that the adverse result would follow upon refusal." *Id.* at 360, 165 Cal.Rptr. at 629.

In the case at bar, Huber was advised, "If you refuse to submit to this test, your license to drive may be suspended for one year." The phrase "may be suspended" connotes discretionary action. *See Lee v. State* (1959), 239 Ind. 232, 235, 156 N.E.2d 78, 80; *see also Stiles v. State* (1973), 156 Ind.App. 682, 687, 298 N.E.2d 19, 22. Thus the advisement failed to convey the strong likelihood that suspension of driving privileges would follow Huber's refusal to submit to a breathalizer test. The trial court correctly decided that Huber's driving privileges could not be suspended under IND.CODE § 9–11–4–7, because Huber was not properly advised of the consequences of chemical test refusal.

By requiring an advisement which conveys the strong likelihood of license suspension upon refusal to submit to a chemical test, this Court has not read into the Implied Consent Law a requirement that the refusal be knowing. The "strong likelihood" requirement involves examination of the arresting officer's compliance with IND.CODE § 9–11–4–7; speculation as to the suspect driver's understanding of the advisement remains unnecessary.

The legislature has required a warning phrased in absolute terms. When an arresting officer fails to use language which complies with that requirement, driving privileges may not be suspended based upon the suspect's refusal to submit to a chemical test.

The judgment of the lower court is affirmed.

GARRARD and CONOVER, P.JJ., concur.