**Daniel L. ZAKHI, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 02A03–9002–CR–49.**

Court of Appeals of Indiana,
Third District.

Oct. 10, 1990.

Linda M. Wagoner, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Appellant Daniel Zakhi appeals from his convictions for operating a motor vehicle while intoxicated and resisting arrest. Zakhi presents this court with four issues for review, only two of which this court need address:

1. Whether Zakhi's waiver of jury trial was adequate.

2. Whether Zakhi knowingly refused to submit to a breathalyzer test.

Reversed and remanded.

On October 13, 1988, Fort Wayne Police Officer Wayne Kelly noticed a vehicle proceeding down a city street at a high rate of speed. After observing the vehicle squeal its tires leaving an intersection, Kelly directed the vehicle into a parking lot where he asked the driver for his license and registration.

When Zakhi exited the car, Kelly noticed that he appeared to be unsteady on his feet, that his speech was "fair," that his eyes were bloodshot, and that his breath smelled of alcohol. At that time Kelly informed Zakhi of his rights under Indiana's Implied Consent law. Zakhi requested to speak to his attorney. Kelly then transported Zakhi downtown in order to administer the breathalyzer test, at which time Zakhi was again informed of his rights under the Implied Consent law. Kelly then offered Zakhi the breathalyzer test, to be administered by police officer Dennis McCann, and Zakhi refused. At that point, Zakhi was placed under arrest.

After Zakhi was placed under arrest, he attacked and struck Officer McCann and attempted to grab McCann's service revolver. In his efforts to subdue Zakhi, McCann struck Zakhi four or five times with his elbow.

I

*Waiver of jury trial*

■ Zakhi's first allegation of trial court error is that his waiver of jury trial was not adequate. In support of this contention, Zakhi asserts that the waiver was given in the hope of an earlier date for trial. As this hope was not realized, he posits, the court or Zakhi's trial counsel should have attempted to withdraw the waiver.

■ A waiver of the right to a jury trial must be a knowing and voluntary choice of the defendant himself, personally expressed by him *viva voce* or in writing, and memorialized on the court's record. *Perkins v. State* (1989), Ind., 541 N.E.2d

927. A knowing, voluntary and intelligent waiver of the right cannot be inferred from a record of trial court events which does not evidence such personal choice. *Id.* at 928. Submission to a bench trial with counsel at one's side cannot be deemed a waiver. *Id.*

The record indicates merely that the defendant appeared in person and waived the right to a trial by jury. There is a superior court docket entry which also indicates that Zakhi, in person with his attorney, waived jury trial in open court. The transcript of the waiver of jury is set out in pertinent part below:

Defendant, Daniel L. Zahki [sic], appears in person, together with his attorney, Patrick J. Arata. State appears by Deputy Prosecuting Attorney Rick Sprunger.

\* \* \* \* \* \*

MR. ARATA: Your Honor, we will waive a jury trial. Do you know what dates we have now Cheri?

CLERK: How ...

THE COURT: The 22nd. How's that? Oh, no, wait. Yeah. The 22nd you can have of this month.

MR. ARATA: Of this month?

THE COURT: Yeah.

MR. ARATA: Is that a Friday? I didn't bring my calendar.

THE COURT: It's not. That's a Tuesday. How long have you been practicing ...

MR. ARATA: I'm sorry, Your Honor. I forgot about ...

THE COURT: Maybe you're still practicing like the deputy prosecutors.

MR. ARATA: You're setting the 22nd of this month?

THE COURT: Yeah.

MR. ARATA: Of August?

THE COURT: August 22nd.

MR. ARATA: I know, Judge, but see I've got Kim here I am going to be covering and I've got Dresser on the 1st of September that I'm covering.

THE COURT: Well, I know, but I thought you were interested in disposing of this case because you are reasonably certain that the particular officer involved ain't going to show.

MR. ARATA: Let's do it the 22nd.

THE COURT: Okay. I mean I'm trying to accommodate you, but it's like hitting you over the head with a sledge hammer.

MR. ARATA: I know, Your Honor, but I didn't bring my calendar.

THE COURT: Well, I'd make a few accommodations, but get the thing disposed of if I were you. All right. 88–22035, defendant in person with his private attorney Patrick Arata. Defendant waives jury trial in open court. Cause is ordered set for trial to the Court at 1:30 Tuesday, August the 22nd, 1989.

Nowhere does the record indicate that Zakhi personally waived jury trial, vocally or in writing. Furthermore, the record is devoid of any indication that Zakhi was adequately informed by court or counsel of the ramifications of the waiver. Therefore, we must agree with Zakhi that he did not submit an effective waiver to the court.

The State acknowledges that Zakhi did not personally waive a trial by jury, but contends that Zakhi acquiesced to the validity of the waiver by failing to object upon the commencement of trial, citing *Pier v. State* (1983), Ind.App., 446 N.E.2d 985, *reh. denied, trans. denied.* In *Pier*, the defendant likewise waived jury trial and failed to contemporaneously object to the continued validity of his waiver, resulting in a failure to preserve error for appeal. *Id.* at 987. However, the defendant in *Pier* issued his waiver pursuant to a statute allowing a substance abuser the opportunity to request treatment in lieu of prosecution, so long as the defendant agrees to waive a jury trial. *Id.* at 986. Thus, *Pier* is distinguishable, as no statutory grounds for jury waiver exist in this case.

Although we reverse on the waiver of jury trial issue, the possibility that an appeal may ensue at a later date compels this court to address an additional issue argued by the parties. That issue is whether Zakhi "knowingly" refused the breathalyzer test.

## II

### *Knowing refusal to submit to a breathalyzer test*

■ Upon review of a trial court's finding at an implied consent hearing, this court is limited to determining whether the evidence is sufficient as a matter of law to support the findings that the arresting officer had probable cause to believe that the driver was operating a vehicle while intoxicated and that the driver refused to submit to a chemical test offered by a law enforcement officer. Ind.Code 9–11–4–10 (1987 Burns Repl.Vol.). We will not weigh the evidence or determine credibility and will accept that evidence presented to the trial court most favorable to the decision below. *Smith v. State* (1989), Ind., 543 N.E.2d 634.

■ Zakhi does not contest the finding that the arresting officer had probable cause to detain him. Rather, Zakhi alleges that he did not "knowingly" refuse to submit to the breathalyzer test. One basis of his claim is that he was under the mistaken belief that his Sixth Amendment right to counsel had attached at the scene of his initial detention. Because of his mistaken belief, he argues that he should have been informed that his right did not then exist in order to establish a "knowing" refusal to take the test. *See Gibbs v. State* (1983), Ind.App., 444 N.E.2d 893, *reh. denied, trans. denied.*

In *Gibbs*, the court reversed the trial court's suspension of the defendant's driver's license because, *inter alia*, the arresting officer failed to correct the defendant's mistaken belief that she had a right to an attorney, and that failure to so inform the defendant after she had made such a request precluded a "knowing" refusal to submit to the test. *Id.* at 895. Zakhi relies on the following language from *Gibbs:*

We believe that when the accused refuses to submit to a breathalyzer test based upon a mistaken exercise of a constitutional right, the accused must be informed that such right does not exist at this stage in order to establish a knowing refusal pursuant to I.C. 9–4–4.5–4(e). We are not requiring the police to provide legal advice to the accused, but

when the accused asserts the right to counsel, the accused should be informed that the right has not attached and that the failure to submit to the breathalyzer test based upon the assertion of the right shall constitute a refusal to take the test resulting in the suspension of driving privileges.

*Id.* Zakhi contends that the *Gibbs* case controls the determination of this appeal. We disagree, and in so doing decline to follow the reasoning of *Gibbs*, which was decided under former law. The provision relied on in *Gibbs* states:

(e) If the court finds that such refusal was made *knowingly* or because of the state of intoxication of the accused, it shall forward such finding to the commissioner of motor vehicles on a form to be provided by the commissioner, along with the current driving license of the accused, and it shall recommend to the commissioner that the driving privileges of the accused remain suspended for one (1) year from the date of said finding, and the commissioner shall comply with said recommendation.

West's A.I.C. 9–4–4.5–4(e) (1979). (Emphasis added.)

Indiana's implied consent law was substantially revised by P.L. 143–1983, whereby IC 9–4–4.5–1 *et seq.* was repealed and replaced with the current provisions, IC 9–11–4–1 *et seq.* Nowhere in the current statutory scheme does the legislature impose a *mens rea* requirement. *Roberts v. State* (1985), Ind.App., 474 N.E.2d 144. "All that is required is that the suspect driver knows that he has been asked to submit to a chemical test and that he has been advised of the consequences of his refusal." *Id.* at 150.

■ Thus, Zakhi's reliance on *Gibbs* is misplaced. There is no requirement that a driver's refusal of a breathalyzer test be knowing. *State v. Huber* (1989), Ind.App., 540 N.E.2d 140, *trans. denied.* To establish an adequate refusal under the implied consent statute, the arresting officer must convey the strong likelihood that suspension of driving privileges would follow the

driver's refusal to submit to a breathalyzer test. *Id.* This is accomplished when the police officer informs the accused that refusal to take the test will result in the suspension of driving privileges. *Id.* The evidence clearly indicates that Zakhi was informed in this manner.

There was no error in the trial court's finding that Zakhi refused the offered breath test.

Because Zakhi did not personally submit a knowing and intelligent waiver of jury trial, his convictions are reversed and remanded for a new trial, preserving intact Zakhi's right to a trial by jury.

HOFFMAN, P.J., and GARRARD, J., concur.