**Donald GOODY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A03–9110–CR–299.

Court of Appeals of Indiana,
Third District.

March 5, 1992.

Transfer Denied April 23, 1992.

Susan K. Carpenter, Public Defender of Ind., J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Ind., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Appellant–Defendant Donald Goody appeals his conviction for operating a motor vehicle after having been adjudged an habitual traffic offender, a Class C felony.

The sole issue for review is whether appellant waived his right to a jury trial in a knowing, intelligent, and voluntary manner.

A waiver of the right to a jury trial must be a knowing and voluntary choice of the defendant himself, personally expressed by him in writing or in open court, and memorialized on the court's record. *Zakhi v. State* (1990), Ind.App., 560 N.E.2d 683, 684. A knowing, intelligent, and voluntary waiver of the right cannot be inferred from a record of trial court events which does not evidence such personal choice. *Id.* at 685. Mere submission to a bench trial with counsel at one's side cannot be deemed a waiver. *Id.*

The instant record contains the following order book entry relating to appellant's waiver of his right to a jury trial:

> Cause coming on for further proceedings. Sheriff now produces the defendant in open court. Present counsel for the defendant; Charles Wicks, Deputy Prosecuting Attorney. Both the prosecutor and the defendant in person now informs [sic] the Court they desire to waive trial by jury previously scheduled and to submit this cause to the Court as a bench trial. Motion is accordingly granted. Cause is continued for bench trial. Jury call is now ordered cancelled. Set for trial June 4, 1991 at 9:00 a.m. Defendant remanded back to the custody of the Sheriff pending trial.

This case is distinguishable from *Doughty v. State* (1984), Ind., 470 N.E.2d 69. In *Doughty* the record merely reflected the fact of a waiver of jury trial. In this case the record states, "both the prosecutor and the defendant in person now informs [sic] the court they desire to waive trial by jury...."

We believe the point of *Doughty* is that the defendant must *personally* waive his right to be tried by a jury and the record must reflect that. We do not read *Doughty* to necessitate a recorded colloquy with the court (although that would certainly obviate the necessity of appeals such as this), or to require a shibboleth.

The record adequately reflects that Goody personally waived his right to jury trial.

Affirmed.

BARTEAU, J., concurs.

HOFFMAN, P.J., dissents and files separate opinion.

HOFFMAN, Presiding Judge, dissenting.

I dissent. The instant case is not distinguishable from *Doughty v. State* (1984), Ind., 470 N.E.2d 69. Like the instant record, the *Doughty* record contained no oral or written statement that the appellant personally waived his right to a jury trial. Rather, it contained the following docket entry:

> "State of Indiana, by Arnold H. Duemling, Prosecuting Attorney, and *the defendant Robert Doughty, in person* and by counsel Norbert Wyss, and the said defendant now waives arraignment and pleads Not Guilty to offense of Robbery—Class A felony, as charged in the informartion [sic], and *waives right to trial by Jury.*"

*Id.* at 70. (Emphasis supplied). This docket entry is almost identical to the order book entry in the instant case:

> "Cause coming on for further proceedings. Sheriff now produces the defendant in open court. Present counsel for the defendant; Charles Wicks, Deputy Prosecuting Attorney. Both the prosecutor and *the defendant in person now*

*informs* [sic] *the Court they desire to waive trial by jury* previously scheduled and to submit this cause to the Court as a bench trial. Motion is accordingly granted...."

(Emphasis supplied). The *Doughty* court held that such an entry does not record a communication engaged in personally by the defendant; therefore, in accordance with *Doughty*, I would reverse and remand for a new trial.