Timothy D. VETOR, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 48A04–9705–CR–190.

Court of Appeals of Indiana.

Dec. 19, 1997.

Kevin P. McGoff, Thomas D. Collignon, Kiefer & McGoff, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

RILEY, Judge.

### STATEMENT OF CASE

Defendant-Appellant Timothy D. Vetor (Vetor) appeals from the denial of his petition for judicial review.

We reverse and remand.

### ISSUE

Vetor presents one issue for our review which we restate as: whether the trial court erred in finding that Vetor refused a breath test.

### FACTS AND PROCEDURAL HISTORY

At approximately 3:45 a.m. on September 13, 1996, Vetor was driving his automobile in Madison County, Indiana. At that time, he was stopped by Officer Grant of the Madison County Police for crossing the center line. Officer Grant asked Vetor for his license and registration and noticed that Vetor's eyes were bloodshot, his breath smelled of alcohol and his speech was slurred. He requested Vetor to exit his car, and at that time Officer Grant informed Vetor of his rights under the Indiana Implied Consent Law.[1] Vetor refused to submit to a chemical breath test and was arrested for operating while intoxicated as a Class D felony.[2]

As a result of his refusal to submit to a breath test, Vetor's license was suspended for one year pursuant to Ind.Code 9–30–6–9. Vetor filed his petition for judicial review of his license suspension, pursuant to Ind.Code 9–30–6–10, with the trial court on November 18, 1996. On January 21, 1997, the trial court held a hearing on Vetor's petition and denied his requested relief. Vetor timely files this appeal of the trial court's denial.

### DISCUSSION AND DECISION

■ Pursuant to Ind.Code 9–30–6–10(g), the trial court's decision with regard to Vetor's petition for judicial review is a final appealable judgment. However, our review of this final judgment is limited. We can only determine whether the evidence is sufficient as a matter of law to support the findings that: (1) the arresting officer had probable cause to believe that the driver was operating a vehicle while intoxicated and (2) the driver refused to submit to a chemical test offered by a law enforcement officer after being informed of the consequences of such refusal. In doing so, we will not weigh the evidence nor judge the credibility of the witnesses, and we will consider only the evidence favorable to the trial court's decision. *Zakhi v. State*, 560 N.E.2d 683, 686 (Ind.Ct.App.1990).

■ Vetor does not contest the finding that the arresting officer had probable cause to stop him. Rather, Vetor alleges that he was not advised of the consequences of refus-

---

**1.** Ind.Code 9–30–6–1.

**2.** Ind.Code 9–30–5–3.

ing to submit to a breath test, and therefore his failure to submit to the test cannot be considered a refusal under Indiana law. Ind. Code 9–30–6–10(f) requires that Vetor prove by a preponderance of the evidence the allegations raised in his petition for judicial review of his license suspension.

Ind.Code 9–30–6–7(a) mandates that "[i]f a person refuses to submit to a chemical test, the arresting officer **shall** inform the person that refusal will result in the suspension of the person's driving privileges." (Emphasis added). Further, the Bureau of Motor Vehicles is required to suspend a person's driving privileges for refusal to submit to a chemical test. Ind.Code 9–30–6–9(a)(1). In the present case, Vetor testified that he was asked to submit to a breath test but was never told that his refusal of such a test would result in the suspension of his driver's license. More telling, however, is the testimony, or lack thereof, of the arresting officer. At the hearing on Vetor's petition for judicial review, Officer Grant testified that he informed Vetor of "the Implied Consent Law" at least five times and read to Vetor from his Implied Consent card at least four times. (R. 31). However, the officer never testified to the substance of his advisements to Vetor. We cannot assume, without a scintilla of evidence, that Officer Grant informed Vetor, either from memory or by reading from his card, of the consequence of his refusal to submit to a breath test as required by Ind. Code 9–30–6–7(a). We find that Vetor met his burden of proof.

In *Zakhi*, this court determined:

To establish an adequate refusal under the implied consent statute, the arresting officer must convey the strong likelihood that suspension of driving privileges would follow the driver's refusal to submit to a breathalyzer test. This is accomplished when the police officer informs the accused that refusal to take the test *will* result in the suspension of driving privileges.

560 N.E.2d at 686–87 (Citations omitted) (Emphasis added).[3] *See also Todd v. State,*

566 N.E.2d 67, 70 (Ind.Ct.App.1991) (holding insufficient officer's advisement that defendant's license *may* be suspended if he refused to submit to breath test when statute mandates that license *will* be suspended for refusal of chemical test). There is no evidence in the present case that Vetor was informed in the manner as set out in *Zakhi*.

In *Steward v. State,* 638 N.E.2d 1292 (Ind. Ct.App.1994), Steward was suspected of driving under the influence of marijuana and was taken to the county jail where he was asked to provide a urine sample. Ind.Code 9–30–6–6 requires that only authorized persons may take bodily substance samples, but in this case no one authorized by statute to take a urine sample was present at the jail, no authorized person was called to the jail to take the sample, and Steward was not taken to a facility where a sample could properly be taken. In reversing Steward's conviction we stated that because the test could not be performed in conformance with the applicable statute, the chemical test was not properly "offered" to Steward and therefore it could not be refused. Thus, we determined that the propriety of the offer of the chemical test is relevant to the issue of whether the test is refused. *Steward,* 638 N.E.2d at 1295.

Similarly, in the case at bar, Vetor was not properly "offered" the breath test because the officer did not comply with the appropriate statute, specifically Ind.Code 9–30–6–7, by advising Vetor that his driving privileges would be suspended if he refused the test. Therefore, based upon the improper "offer" to submit to a breath test, Vetor did not refuse to submit to the test. Based upon our finding, Vetor's license suspension should be vacated and his driving privileges reinstated.

*CONCLUSION*

Based upon the impropriety of the "offer" of the chemical test, Vetor did not refuse to submit to the breath test. Accordingly, the finding that Vetor refused the chemical breath test and the license suspension based

**3.** *Zakhi* refers to Ind.Code 9–11–4–1 et seq. which was repealed in 1991 and recodified as 9– 30–6–1 et seq., the current version of the Indiana Implied Consent Law.

thereon are vacated. This case is remanded to the trial court with instructions to order the Indiana Bureau of Motor Vehicles to reinstate Vetor's driving privileges.

Reversed and remanded with instructions.

SHARPNACK, C.J., and DARDEN, J., concur.