Meredith UPCHURCH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 30A01–0506–CR–270.

Court of Appeals of Indiana.

Dec. 30, 2005.

Steven D. Allen, Joseph M. Cleary, Hammerle & Allen, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Meredith Upchurch appeals from the denial of her verified petition for judicial finding of no refusal. We reverse.

### Issue

Upchurch presents one issue for our review, which we restate as whether the trial court erred in finding that Upchurch refused a breath test.

### Facts and Procedural History

On December 19, 2004, Upchurch was involved in an accident with another vehicle in Hancock County. Emergency medical technicians arrived and determined that Upchurch was not in need of any treatment. While Upchurch was sitting in the ambulance, a Hancock County sheriff's deputy arrived and asked her to perform some field sobriety tests, including the horizontal gaze nystagmus test. Upchurch also took a portable breath test.[1] The officer then asked Upchurch to take another breath test, and Upchurch agreed to be transported to jail for administration of the test.

At the jail, the officer asked Upchurch to perform two additional field sobriety tests, and she did so. He read Indiana's implied consent law[2] to Upchurch, informing her that refusal to take the test would result in the suspension of her license for one year. At 5:05 a.m., Upchurch attempted to take the breath test on a "breathalyzer machine." Tr. at 7. The evidence ticket printed by the machine stated "SUBJECT SAMPLE INVALID."[3] *Id.* at 8. The officer told Upchurch that she was not blowing hard enough. Upchurch informed the officer that she had asthma,

---

1. The probable cause affidavit states the result of the test, but the affidavit was not admitted at the hearing on Upchurch's petition.

2. Indiana Code Section 9–30–6–7 provides in relevant part, "If a person refuses to submit to a chemical test, the arresting officer shall inform the person that refusal will result in the suspension of the person's driving privileges."

3. We regret that neither this evidence ticket nor the second evidence ticket were included in the record provided to us. On appeal, the State does not dispute that both tickets stated "SUBJECT SAMPLE INVALID." The record reveals that the evidence tickets were contained in the court file and that the parties stipulated that they were the original tickets. Tr. at 5. Upchurch testified that the evidence tickets stated "SUBJECT SAMPLE INVALID," and the State did not object. *Id.* at 8.

although she had not complained of breathing difficulties prior to this time. The officer replied that anyone can take the test, even someone with emphysema. The officer again read Upchurch the implied consent law. At 5:09, Upchurch attempted to take a second breath test. This evidence ticket also stated "SUBJECT SAMPLE INVALID." *Id.* The officer did not offer Upchurch an alternative chemical test for ethanol or perform the breath test on another instrument. The officer arrested Upchurch.

On December 20, 2004, the State charged Upchurch with operating a vehicle while intoxicated in a manner that endangered another person, a class A misdemeanor.[4] On February 14, 2005, Upchurch filed a verified petition for judicial finding of no refusal. On March 18, 2005, a hearing was held on Upchurch's petition. Upchurch presented a videotape depicting the administration of the breath test at the jail and a letter in which her doctor confirmed that she has asthma and indicated that the powder released by the cartridge that is fired when an airbag is deployed could cause an asthma attack. On April 25, 2005, the trial court denied the petition. On May 5, 2005, Upchurch filed a motion to reconsider. On May 16, 2005, the trial court denied the motion. Upchurch appeals.

### Discussion and Decision

Initially, we note that a trial court's denial of a defendant's petition for judicial review of a chemical breath test refusal determination is a final appealable judgment. *See* Ind.Code § 9–30–6–10(g). However, our review of this judgment is limited.

We can only determine whether the evidence is sufficient as a matter of law to support the findings that: (1) the arresting officer had probable cause to believe that the driver was operating a vehicle while intoxicated and (2) the driver refused to submit to a chemical test offered by a law enforcement officer after being informed of the consequences of such refusal. In doing so, we will not weigh the evidence nor judge the credibility of the witnesses, and we will consider only the evidence favorable to the trial court's decision.

*Vetor v. State,* 688 N.E.2d 1327, 1328 (Ind. App.Ct.1997). The petitioner has the burden of proving by a preponderance of the evidence the allegations in his or her petition. *See* Ind.Code § 9–30–6–10(f).

Upchurch does not contest whether the arresting officer had probable cause to believe that she was operating a vehicle while intoxicated. Rather, Upchurch contests the determination that she refused to submit to a breath test. Specifically, she argues, "Because the officer in this case failed to follow the regulation, the chemical test was not properly offered. Thus, Upchurch could not refuse it." Appellant's Brief at 5. The regulation to which she refers is Title 260, section 1.1–4–8 of the Indiana Administrative Code, which provides in relevant part:

The following is the approved method to conduct a B.A.C. Datamaster with keyboard test for alcoholic intoxication:

(1) The person to be tested must have had nothing to eat or drink, must not have put any foreign substance in his or her mouth or respiratory tract, and must not smoke within twenty (20) minutes prior to the time a breath sample is taken.

(2) The green LED on the instrument display must be lighted.

---

4.  Ind.Code § 9–30–5–2(b).

(3) Depress the run button, enter the password, and insert the EVIDENCE TICKET.

(4) Follow the displayed request for information, and enter by the keyboard.

(5) When the PLEASE BLOW appears, place a new mouthpiece in the breath tube; subject must deliver a breath sample.

(6) When the printer stops, remove the EVIDENCE TICKET from the instrument and check the EVIDENCE TICKET for the numerical alcohol SUBJECT SAMPLE and correct date and time.

(7) If the EVIDENCE TICKET displays one (1) of the following messages, the test is not valid; proceed as instructed:

> . . . .
>
> (B) If "SUBJECT SAMPLE INVALID" is printed on the EVIDENCE TICKET, return to step 1 (subdivision 1) and perform a second breath test. If "SUBJECT SAMPLE INVALID" is printed on the EVIDENCE TICKET of this second breath test, *obtain an alternate chemical test for ethanol or perform the breath test on another evidentiary breath test instrument.*
>
> . . . .
>
> (D) If "SUBJECT SAMPLE, INCOMPLETE" is printed on the EVIDENCE TICKET, return to step 2 (subdivision 2) and perform a second breath test. If "SUBJECT SAMPLE, INCOMPLETE" is printed on the EVIDENCE TICKET of this second test, obtain [sic] alternate chemical test for ethanol or perform the breath test on another evidentiary breath test instrument. However, if the "SUBJECT SAMPLE, INCOMPLETE" was caused by the lack of cooperation by the subject, the breath test operator should record that the test was refused.

(Emphasis added.)

■ Upchurch asserts that the officer failed to comply with section 1.1–4–8 in that, because "SUBJECT SAMPLE INVALID" was printed on the evidence ticket, the officer was required to "obtain an alternate chemical test for ethanol or perform the breath test on another evidentiary breath test instrument" and did not do so.[5] We agree. Moreover, we note that when "SUBJECT SAMPLE INVALID" is printed on the evidence ticket, section 1.1–4–8(7)(B) does not permit the officer administering the breath test to record that the test was refused; only when "SUBJECT SAMPLE, INCOMPLETE" is printed on the evidence ticket may the officer do so. *See* Ind. Admin. Code Title 260, r. 1.1–4–8(7)(D). We conclude that the officer did not comply with section 1.1–4.8 and that Upchurch did not refuse a breath test.[6] We therefore reverse the

---

5. In her reply brief, Upchurch correctly points out that the State does not address her argument that the officer was required to perform an alternate test for alcohol. Appellant's Reply Br. at 2. "An appellee's failure to respond to an issue raised by an appellant is akin to failure to file a brief." *Newman v. State,* 719 N.E.2d 832, 838 (Ind.Ct.App.1999), *trans. denied.* To win reversal on such an issue, an appellant need only establish that the trial court committed prima facie error. *Id.* Prima facie means at first sight, on first appearance, or on the face of it. *Id.*

6. Because we conclude that the officer was required to but did not provide an alternate chemical test or perform a breath test on another instrument, we need not address Upchurch's claims that the mouthpiece from the first breath test was a foreign object and therefore the officer was required to wait twenty minutes after the first breath test before administering the second breath test pursuant to section 1.1–4–8(7)(B), or that she did not in fact refuse to take the breath test. However, we note that support for Upchurch's contention that the officer was re-

trial court's denial of Upchurch's petition for judicial finding of no refusal.

Reversed.

NAJAM, J., concurs.

BARNES, J., dissents without opinion.

quired to wait twenty minutes before administering the second breath test can be found in the fact that the instructions of section 1.1–4–8(7)(B) and 1.1–4–8(7)(D) are different. Section 1.1–4–8(7)(B) directs the officer administering the breath test to return to step 1 (subdivision (1)) if "SUBJECT SAMPLE INVALID" is printed on the evidence ticket. Step 1 provides that the person to be tested must not have put a foreign substance in his or her mouth within twenty minutes prior to the breath test. In contrast, section 1.14–8(7)(D) directs the officer to return to step 2 (subdivision (2)) if "SUBJECT SAMPLE, INCOMPLETE" is printed on the evidence ticket.