

FILED

Jun 30 2016, 6:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Robert D. King, Jr.
David R. Thompson
The Law Office of Robert D. King, Jr.,
P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keyaunna Hurley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 30, 2016<br><br>Court of Appeals Case No.<br>49A05-1601-CR-108<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David J. Certo,<br>Judge<br><br>Trial Court Cause No.<br>49G12-1510-CM-37573 |

**Bradford, Judge.**

## Case Summary

[1] On October 20, 2015, Appellant-Defendant Keyaunna Hurley was the subject of a traffic stop in Indianapolis. During this traffic stop, the officer at the scene

became concerned that Hurley might have been driving under the influence. Hurley consented to a chemical breath test after she failed certain field sobriety tests. During administration of the certified breath test, Hurley failed to provide a sufficient sample. Based on his interactions with and observations of Hurley, the officer administering the test was of the opinion that the insufficient sample was the result of a lack of cooperation by Hurley. As a result, she was deemed to have refused the test. The officer subsequently obtained a warrant for and completed a blood draw.

[2] Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Hurley with two Class A misdemeanors and alleged that Hurley had committed a traffic infraction. Hurley requested review of the determination that she had refused the chemical breath test (the "refusal determination"). Following a hearing, the trial court upheld the refusal determination. Hurley now appeals from the denial of her verified petition for judicial finding of no refusal, claiming that the evidence was insufficient to sustain the trial court's determination that she refused a breath test. We affirm.

# Facts and Procedural History

[3] On October 20, 2015, Indiana State Police Trooper Joshua Graves initiated a traffic stop after he observed Hurley commit a traffic violation near the intersection of 86th Street and Keystone Crossing in Indianapolis. After Hurley failed certain field sobriety tests, Trooper Graves asked Hurley to submit to a

chemical breath test.[1]  Hurley agreed, and was taken to a nearby police station for administration of the test.

[4]     Before administering the test, Trooper Graves explained to Hurley that she was "going to have to blow as hard as [she could] for as long as [she could]" and that if, after three attempts, she could not give a complete sample, she would be charged with a refusal to take the test.  Tr. p. 26.  Trooper Graves also demonstrated to Hurley what he meant by "blowing as hard as" she could.  Tr. p. 27.  Hurley blew into the machine when instructed to do so, but "did not blow a substantial [enough] amount to get a sufficient sample."  Tr. p. 16.  Hurley repeated the process twice more, both times failing to provide a sufficient sample.  After the third attempt, the machine printed a ticket showing the result of "Insufficient Sample."  Def. Ex. A.  Based on his interactions with and observations of Hurley, Trooper Graves believed that Hurley "was not cooperating."  Tr. p. 27.  Hurley was then charged with a refusal to complete the test due to a lack of cooperation.  Trooper Graves subsequently obtained a warrant for and completed a blood draw.

[5]     On October 21, 2015, the State charged Hurley with Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to .15 or more.  The State also alleged that Hurley committed the traffic violation

---

[1] Trooper Graves is a certified chemical test operator who has administered approximately thirty tests using the Intox EX/IR II machine.

of failure to signal for turn or lane change. On December 3, 2015, Hurley filed a Verified Motion for Refusal Hearing Pursuant To Indiana Code section 9-30-6-10. The trial court conducted a hearing on Hurley's motion on December 21, 2015, after which it found "for a refusal." Appellant's App. p. 6. This appeal follows.

# Discussion and Decision

[6] On appeal, Hurley challenges the trial court's denial of her petition for judicial review of the refusal determination, arguing that the evidence is insufficient to sustain the refusal determination. A trial court's denial of an individual's petition for judicial review of a refusal determination is a final appealable judgment. Ind. Code § 9-30-6-10(g); *Upchurch v. State*, 839 N.E.2d 1218, 1220 (Ind. Ct. App. 2005). Our review of this judgment, however, is limited. *Upchurch*, 839 N.E.2d at 1220.

> We can only determine whether the evidence is sufficient as a matter of law to support the findings that: (1) the arresting officer had probable cause to believe that the driver was operating a vehicle while intoxicated and (2) the driver refused to submit to a chemical test offered by a law enforcement officer after being informed of the consequences of such refusal. In doing so, we will not weigh the evidence nor judge the credibility of the witnesses, and we will consider only the evidence favorable to the trial court's decision.

*Vetor v. State*, 688 N.E.2d 1327, 1328 (Ind. Ct. App. 1997) (citing *Zakhi v. State*, 560 N.E.2d 683, 686 (Ind. Ct. App. 1990)). The petitioner bears the burden of

proving the allegations contained within their petition by a preponderance of the evidence. Ind. Code § 9-30-6-10(f); *Upchurch*, 839 N.E.2d at 1220.

[7] Hurley makes two claims with respect to the sufficiency of the evidence to sustain the refusal determination. Hurley first claims that she could not be found to have refused the chemical breath test because Trooper Graves failed to follow the regulations for administration of the test. Hurley also claims that even assuming Trooper Graves properly followed the regulations, the evidence is nonetheless insufficient to sustain the refusal determination.

## A. Alleged Failure to Follow Proper Administration Procedures

[8] In support of her claim that she could not be found to have refused the chemical breath test because Trooper Graves failed to follow the regulations for administration of the test, Hurley relies on our opinion in *Upchurch*. Hurley's reliance on *Upchurch*, however, is unavailing.

[9] In *Upchurch*, we considered whether an arresting officer failed to follow the regulation for administration of a chemical breath test that was in effect at the time. That regulation provided, in relevant part, as follows:

> (7) If the EVIDENCE TICKET displays one (1) of the following messages, the test is not valid; proceed as instructed:
> ....
> (B) If "SUBJECT SAMPLE INVALID" is printed on the EVIDENCE TICKET, return to step 1 (subdivision 1) and perform a second breath test. If "SUBJECT SAMPLE INVALID" is printed on the EVIDENCE TICKET of this

second breath test, *obtain an alternate chemical test for ethanol or perform the breath test on another evidentiary breath test instrument*.

*Upchurch*, 839 N.E.2d at 1221 (citing 260 Ind. Admin. Code § 1.1-4-8) (emphasis and ellipsis in original). The results to the test administered by the arresting officer twice read "SUBJECT SAMPLE INVALID." *Id*. at 1219-20. The arresting officer noted these results but failed to obtain an alternate chemical test or perform a breath test on a different test instrument. *Id*. at 1220. We concluded on appeal that because the arresting officer did not comply with the regulation's requirements that he obtain an alternative chemical test or perform a test on a different test instrument, Upchurch could not be found to have refused a breath test. *Id*. at 1221. We therefore reversed the trial court's denial of Upchurch's petition for judicial finding of no refusal. *Id*. at 1221-22.

[10]     It is of note, however, that the section of the Administrative Code which applied in *Upchurch* is different than the section of the Administrative Code which applies here. Section 2-4-2(b)(5) of Title 260 of the Indiana Administrative Code, which applies to the instant matter, provides as follows:

> If "Insufficient Sample" or "Time Out" is printed on the instrument report, perform an additional breath test, beginning with STEP TWO and proceeding through STEP TWELVE. If "Insufficient Sample" or "Time Out" is printed on the instrument report after this additional breath test:
>           (A) obtain an alternate chemical test for ethanol;
>           (B) perform a breath test on another breath test instrument; or
>           (C) if a numerical value for the subject's breath ethanol concentration is printed on any instrument

report, check the instrument report for the correct date and time and sign the instrument report where indicated.

If an "Insufficient Sample" or "Time Out" message is caused by the lack of cooperation of the subject, the breath test operator should record that the test was refused and, if a numerical value for the subject's breath ethanol concentration is printed on any instrument report, check the instrument report for the correct date and time and sign the instrument report where indicated.

[11] The record reveals that Trooper Graves did not obtain an alternate chemical test or perform a breath test on another breath test instrument after receiving the "Insufficient Sample" message. The record further reveals, however, that Trooper Graves believed that the "Insufficient Sample" message was caused by a lack of cooperation by Hurley. Hurley correctly asserts that Section 2-4-2(b)(5) of Title 260 of the Indiana Administrative Code indicates that an officer administrating a test should obtain an alternate chemical test for ethanol or perform a breath test on another breath test instrument if the words "Insufficient Sample" are printed on the instrument report. However, Hurley fails to recognize that Section 2-4-2(b)(5) of Title 260 of the Indiana Administrative Code further states that if an "Insufficient Sample" message is deemed to be caused by the lack of cooperation of the subject, "the breath test operator should record that the test was refused." Given that the record establishes that Trooper Graves believed that the "Insufficient Sample" message was the result of a failure to cooperate by Hurley, we conclude that Trooper Graves's decision to record that Hurley refused the test fell within the statutory

parameters set forth in Section 2-4-2(b)(5) of Title 260 of the Indiana Administrative Code.

## B. Sufficiency of the Evidence

[12] During the hearing on Hurley's motion, Trooper Graves testified that he was of the opinion that Hurley did not cooperate during his administration of the chemical breath test. Specifically, Trooper Graves testified that he explained to Hurley that she was "going to have to blow as hard as [she could] for as long as [she could]" and that if, after three attempts, she could not give a complete sample, she would be charged with a refusal to take the test. Tr. p. 26. Trooper Graves further testified that he demonstrated to Hurley what he meant by "blowing as hard as" she could. Tr. p. 27. Despite Trooper Graves's instructions and demonstration, Hurley failed to give a complete sample. Judging Hurley's demeanor and actions, Trooper Graves came to the opinion that Hurley "was not cooperating." Tr. p. 27. Trooper Graves's testimony presents sufficient evidence to sustain the refusal determination.

[13] In arguing to the contrary, Hurley claims that the evidence is insufficient to sustain the refusal determination because she agreed to take the test, she submitted to the test, she cooperated with Trooper Graves's instructions, and she was never told by Trooper Graves that she was not blowing hard enough or needed to blow harder. Hurley's claim in this regard, however, is effectively an invitation for this court to reweigh the evidence, which we will not do. *See Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Because we conclude that the

evidence is sufficient to sustain the refusal determination, we affirm the judgment of the trial court.

[14]    The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.