MICHAEL T. JAREMCZUK *v.* STATE OF INDIANA

[No. 3-578A118. Filed October 2, 1978.]

*Ronald V. Aungst*, of Valparaiso, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Gordon R. Medlicott*, Deputy Attorney General, for appellee.

YOUNG, J. — Appellant-defendant Jaremczuk appeals the finding of the court below at an Implied Consent hearing[1] that the arresting officer had probable cause to stop the appellant-defendant and that the appellant-defendant knowingly refused a chemical test. We affirm.

The scope of our review is limited to determining whether the evidence is sufficient as a matter of law to support the finding that the arresting officer had probable cause to stop the appellant-defendant and the finding that appellant-defendant knowingly refused to submit to a chemical test. *See Bowlin, supra*, n.1. We will not weigh the evidence or determine credibility and will accept that evidence presented to the trial court most favorable to the decision below. In accordance with those guidelines, the pertinent facts before the trial court were as follows:

On the evening of April 9, 1977, the police department of Valparaiso, Indiana reported that a green pickup truck with a camper top had been involved in a hit-and-run accident. They reported that the truck was eastbound on U.S. Highway 30. The dispatch was heard by Valparaiso police officers Carlson and Taiclet.

The two officers driving separate cars headed east on U. S. 30, travelling some distance into LaPorte County. Failing to find the truck, they headed back to Valparaiso. In route, they noted a "greenish" pickup truck with a "white cap" or top travelling west on the highway. Officer

---

1. I.C. (1971) § 9-4-4.5-4 (Burns Supp. 1977) provides:

   when a certification of refusal to submit to a chemical test is submitted to the court, the court shall hold a separate hearing to determine (a) whether the law enforcement officer had probable cause to believe that the accused had committed the offense; (b) whether the law enforcement officer offered the opportunity to the accused to submit to a chemical test before placing the accused under arrest; and (c) whether the accused in fact refused to submit to a chemical test.

*Bowlin v. State* (1975), 164 Ind.App. 693, 330 N.E.2d 353, 355.

Carlson determined by radio that the license number on this truck was similar to the license number on the truck reported by the Valparaiso police broadcast. He followed it for a distance in excess of a mile. When Officer Taiclet passed the truck, the truck drove to the right with its two right wheels on the shoulder of the highway and then jerked back up onto the highway. As Officer Carlson followed the truck it weaved from one side of the lane to the other several times. Carlson believed that the truck was the vehicle reported as having been involved in a hit-and-run accident and that the driver might be driving under the influence of intoxicants. He stopped the truck after another half mile.

Carlson approached the truck and asked the driver for his license and registration which was produced with some difficulty. These instruments bore the name of appellant-defendant, Michael T. Jaremczuk, who was later identified in court as the driver by the officer. Officer Carlson detected a strong odor of alcohol on the breath of Jaremczuk. Carlson had him climb out of the truck and performed field sobriety tests. Jaremczuk was unable to walk a straight line and nearly fell while turning. Carlson then advised Jarremczuk that he had probable cause to believe that he (Jaremczuk) was driving under the influence of intoxicants and offered him a chemical test. At the Porter County Jail, Jaremczuk twice failed to blow into the machine and was placed under arrest for driving under the influence.

Jaremczuk argues that the acts of momentarily driving off of the shoulder and weaving within the right-hand lane of the highway do not equal the odd behavior of the defendant in *Davis v. State* (1977), 174 Ind.App. 433, 367 N.E.2d 1163. In *Davis*, a driver who straddled highway lanes and who remained stationary until half way through a green light after having stopped at the intersection for a red light, all in a relatively short distance and period of time, was held to have exhibited such unusual behavior as to justify the police stopping him. Appellant-defendant also complains that the facts here do not constitute such erratic behavior as found in *Collett v. State* (1975), 167 Ind.App. 185, 338 N.E.2d 286. There a speeding defendant nearly hit a bridge abutment. It was found that the officer had reasonable grounds to stop the defendant for driving under the influence. The question of whether or not there is a sufficiency of evidence for an officer

to have probable cause to believe that a driver is intoxicated must turn upon the facts in each particular case. In this instance in view of the sequence of events and the time within which they occurred, regardless of the original purpose in identifying and following Jaremczuk's truck, the officer had probable cause to believe that the operator of the truck was driving under the influence of intoxicants. Probable cause has been defined by the Legislature as "reasonable grounds," i.e., and circumstances known to the officer which would warrant a prudent officer to believe that the offense in question had been committed.[2] I.C. (1971) 9-4-4.5-2(b) (Burns Supp. 1977). Here the facts known to and observed by the officer were sufficient for a prudent man to believe appellant-defendant was driving under the influence.

Appellant-defendant alleges that the trial court's finding that he knowingly refused to submit to a chemical test was error as a matter of law and as a matter of fact. This allegation of error is waived by appellant because he failed to argue the same in his brief. Ind. R. App. P. 8.3. Even if appellant-defendant had argued this issue, the evidence is amply sufficient to support the trial court's determination that this appellant-defendant knowingly refused to take the chemical test as required by statute. Officer Carlson advised Jaremczuk of the Indiana Implied Con-

---

2. In determining this issue, it shall be proper for the court to consider matters alleged in a sworn probable cause affidavit submitted by the law enforcement officer or other witnesses, or the sworn testimony of any witness made a matter of record. Such affidavit or testimony may contain statements of, but shall not necessarily be limited to, the following:

(i) Erratic or unusual driving behavior;

(ii) Appearance of accused when detained, i.e., watery or bloodshot eyes, flushed or pale face, expanded or contracted pupils of the eyes, condition of clothing, etc.;

(iii) Behavior of accused when detained, i.e., ability to speak and/or express himself orally, finger dexterity, steadiness on feet, ability to perform simple tests requiring normal coordination or balance, etc.;

(iv) Odor of alcoholic beverages, presence of alcoholic beverage containers or drugs;

(v) Any other fact perceived by the law-enforcement officer with reference to the accused or any report received from another person by the officer with reference to the accused, including reports of witnesses, physicians, psychiatrists, etc.

I.C. (1971) 9-4-4.5-4 (Burns Supp. 1977).

sent Law[3] at the scene and he agreed to take the test. The officer had been certified as a test operator for a period of two and one-half years and had given between seventy-five and one hundred such examinations. At the Porter County Jail the officer prepared the machine to administer the test, filled out the necessary forms and instructed Jaremczuk to take hold of the mouthpiece and the tube and blow into the machine. Jaremczuk grabbed the tube and pulled it very hard. He asked the officer whether he was supposed to suck or blow into the mouthpiece; the officer responded that he was to blow. He put his mouth onto the mouthpiece and puffed out his cheeks pretending to blow, but no breath entered the machine. The officer then told Jaremczuk that he would give him one more opportunity to give a legitimate breath sample. If he did not cooperate, he would be placed under arrest for driving under the influence. Again, Jaremczuk repeated his routine of pretending to give the sample.

Affirmed.

Robertson, J., concurs (sitting by designation).

Lowdermilk, J., concurs (sitting by designation).

NOTE—Reported at 380 N.E.2d 615.

---

3. I.C. (1971) § 9-4-4.5-1 through -6.