## S. E. THOMAS, Appellant (Plaintiff Below),

### v.

## SECOND INJURY FUND, Appellee (Defendant Below).

### No. 2–1177A441.

Court of Appeals of Indiana,
Second District.

Aug. 11, 1980.

Kenneth C. Kern and Hart E. Meyer, Kenneth C. Kern & Associates, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas Hamill and Terry G. Duga, Deputy Attys. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Plaintiff S. E. Thomas appeals from a decision of the Industrial Board denying him benefits from the Second Injury Fund. He presents the following issues for review:

1. Whether the Second Injury Fund is an entity legally recognizable as a party to the proceeding; and whether it is appropriate for the Attorney General to defend the Fund in an adversary proceeding;

2. whether the Board correctly found that a statutory reference to I.C. 22–3–3–10 in I.C. 22–3–3–13 was technical rather

than material; and whether in so finding the Board exceeded its authority to interpret statutes; and

3. whether the Board erroneously failed to determine factual issues in relation to claimant's physical condition.

We affirm.

### I.

Thomas challenges the propriety of designating the Second Injury Fund as defendant and of permitting the Attorney General to defend the Fund in an adversary proceeding. Thomas' petition originally named his employer and its insurer as defendants. Those defendants filed a Motion to Delete Parties. The Hearing Member granted the motion and named the Second Injury Fund as defendant. Thereafter, the Attorney General represented the Fund.

Thomas contends that the proceeding should have been ex parte. In his memorandum opposing the motion, he did not object to the deletion of parties but opposed the substitution of the Fund and the adversary nature of the proceedings. He maintains that previous claims have always been handled on an ex parte basis[1] and that to permit otherwise authorizes an impermissible suit against the State.

Historically, the common law doctrine of sovereign immunity was utilized by the State to shield itself from suits which might deplete the public treasury. *See Campbell v. State* (1972) 259 Ind. 55, 284 N.E.2d 733. Here Thomas attempts to use the doctrine to preclude the State from defending a claim against its funds.

The rules of the Industrial Board contemplate adversary proceedings. Ind. Admin. Rules and Regulations (22–3–4–6)–2 (Burns Code Ed. 1976) provides:

"Designation of Parties. The parties to any original proceedings before the Industrial Board shall be designated as the plaintiff and the defendant. The party filing the application, petition or complaint in such proceedings shall be designated the plaintiff and the adverse party the defendant."

The rules further state:

"Who Should Be Defendants. All persons should be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative, and the Industrial Board, at any time, upon a proper showing, or of its own motion, may order that any additional party be joined, when it deems the presence of such party necessary." Ind. Admin. Rules and Regulations (22–3–4–6)–5 (Burns Code Ed. 1976).

The question is in part, therefore, whether the word "persons" encompasses the Second Injury Fund.[2] Ind. Admin. Rules and Regulations (22–3–3–13)–1 (Burns Code Ed. 1976) provides: "All claims made under the Second Injury Fund will be determined like other compensation claims  .  .  .."

We are satisfied that the rules provide a sufficient basis for the State through the designation "Second Injury Fund," in this case, to be a party. It follows that the Attorney General may defend the Fund.[3] We find it inconceivable that the General Assembly intended to create a fund which could not be defended by the State's attorney. *See State ex rel. Sendak v. Marion County Superior Court, Room No. 2* (1978) Ind., 373 N.E.2d 145; B. F. Small, *Workmen's Compensation Law of Indiana* § 9.9 (Supp. 1976).

Somewhat collaterally, Thomas asserts that by its failure to enact a statute making specific provision for adversary proceedings, the General Assembly has legislatively ac-

1. Whether Second Injury Fund claims have always been heard on an ex parte basis is not disclosed by the record before us.

2. We note parenthetically that Ind. Admin. Rules & Regulations (22–3–3–13)–1 (Burns Code Ed. Supp. 1978) now provides that an administrator shall have the duty of adminis-

tering the Fund. Future claims should be brought against the administrator.

3. The Rule has been amended explicitly to allow the Attorney General to defend the Fund. Ind. Admin. Rules & Regulations (22–3–3–13)–1 (Burns Code Ed. Supp. 1978).

quiesced in the conduct of ex parte proceedings.

Because, as hereinbefore noted, the evidence of record does not disclose whether it was the normal procedure to conduct proceedings on an ex parte basis, we need not decide whether such would or would not permit application of the doctrine of legislative acquiescence. *Cf. Mathis v. Cooperative Vendor's, Inc.* (2d Dist. 1976) Ind.App., 354 N.E.2d 269 at 276.

Thomas also seems to argue that payments from the Second Injury Fund formerly were mandatory upon a showing of a particular "second injury", but later became somewhat discretionary in certain instances, *i. e.*, when basic compensation benefits were exhausted. He asserts that because the Industrial Board is required to make quasi-judicial determinations, it should not be a party to the action.

The Second Injury Fund, not the Industrial Board, is the adverse party in the case before us.

## II.

Thomas challenges the following finding of the Industrial Board:

"It is further found that plaintiff's counsel alleges that the substitution of the reference to the Indiana Code in 1974 in I.C. 22–3–3–10 constitutes a material change in the statute but the Full Board finds that this change was not a material change but was merely a technical change to incorporate the reference to the Indiana Code."

The Board also found:

"It is further found that plaintiff has not exhausted his maximum benefits under I.C. 1971 22–3–3–10 in that the maximum allowable award as set forth in I.C. 22–3–3–10 is 500 weeks, which exhaustion is a condition precedent to an award of benefits from the Second Injury Fund."

Thomas argues at length that the change in I.C. 22–3–3–13 from reference to exhaustion of benefits under section 31(a)(2) and 31(b) (Burns Code Ed. 1974) to reference to exhaustion under I.C. 22–3–3–10 (Burns Code Ed. Supp. 1979) was a material alteration. Section 31(a)(2) is the same as I.C. 22–3–3–10(a)(2) and section 31(b) parallels I.C. 22–3–3–10(b). Thomas' injury was compensable under I.C. 22–3–3–10(b)(6).

The general provision which sets forth the factors which qualify one to make claims against the Second Injury Fund authorizes those claims if maximum benefits have been exhausted under 31(a)(2) or 31(b). This general provision was made more inclusive as to benefits under 31(b) in 1969. Prior to that time, it referred only to benefits under 31(b)(3). I.C. 22–3–3–13, Compiler's Note (Burns Code Ed. 1974).

Inexplicably, the 1969 General Assembly did not render consistent therewith the provisions which merely set forth the manner and the period under which such compensation could be awarded and which related to the date upon which the injury was sustained. We deem the 1974 amendment to bring the provisions into harmony.

■ Thomas' claim was contemplated within the statute as it existed after 1969. The 1974 alteration only broadened I.C. 22–3–3–13 to the extent it allowed Second Injury Fund benefits for injuries compensable under I.C. 22–3–3–10(a)(1), (3), (4), and (5) and it is inapplicable to the instant case.

■ We further note that Thomas does not in his brief assert error in the finding and conclusion concerning the failure of Plaintiff to exhaust maximum benefits under I.C. 22–3–3–10. An alleged error not argued is waived. *See Jaremczuk v. State* (3d Dist. 1978) Ind.App., 380 N.E.2d 615, 617. Therefore we cannot say that the Board erred in its award. *See Cornell v. Review Board* (3d Dist. 1979) Ind.App., 383 N.E.2d 1102, 1106.

Because we are required to affirm the Board's decision for the reasons hereinabove stated, we need not address the failure of the Board to make factual determinations related to the merits of Thomas' claim.

The negative award of the Board is affirmed.

SHIELDS, J., concurs.

BUCHANAN, C. J., concurs in result.