**Gay GIBBS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–882A243.**

Court of Appeals of Indiana, First District.

Feb. 7, 1983.
Rehearing Denied March 14, 1983.

James T. Roberts, Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Gay Gibbs (Gibbs) appeals the suspension of her driver's license for refusing to submit to a breathalyzer test for intoxication pursuant to Ind.Code 9–4–4.5–4.

We reverse.

The facts disclose that Gibbs and her husband were stopped by two reserve deputies from the Brown County Sheriff's Department just after midnight on December 20, 1981. The deputies stopped Gibbs for failing to dim the bright lights of her vehicle. The arresting deputy testified that Gibbs verbally abused him upon being stopped. Detecting the odor of alcohol, the deputy requested Gibbs to take a field sobriety test. Gibbs requested her attorney and refused to cooperate without the aid of counsel. The deputies physically removed Gibbs from the vehicle. Gibbs was placed under arrest and transported to jail. After a hearing, her license was suspended pursuant to I.C. 9–4–4.5–4.

At the hearing, the arresting deputy could not recall whether he read a warning explaining the consequences of refusing to submit to the breathalyzer test prior to or after arresting Gibbs. He admitted that the entire conversation lasted approximately two minutes and was very confusing. Furthermore, the deputy admitted that he did not attempt to explain the nature of the test or the consequences of her refusal to Gibbs.

■ In reviewing the refusal to submit to a breathalyzer test, review is limited to determining whether the evidence is sufficient to support a finding that the arresting officer had probable cause to stop the driver and that the driver knowingly refused to submit to a breathalyzer test. In reviewing such a determination, this court will not weigh the evidence nor determine the credibility of witnesses. We will examine only that evidence which supports the trial court's decision. *Jaremczuk v. State,* (1978), 177 Ind.App. 628, 380 N.E.2d 615.

Gibbs raises five issues on appeal. The dispositive nature of the sufficiency of the evidence issue concerning whether Gibbs knowingly refused the breathalyzer test and her right to counsel argument precludes discussion of the other issues.

■ The provisions of Ind.Code 9–4–4.-5–3 require that any authorized officer, who has probable cause to believe that the driver has committed the offense of operating while intoxicated, shall not place the driver under arrest unless he has given the

driver the opportunity to submit to a chemical test. The provisions governing a hearing for refusal to submit to a chemical test are contained in I.C. 9–4–4.5–4. The trial court, after a finding that the arresting officer had probable cause to stop the driver, *Jaremczuk, supra,* must determine that the officer offered the accused driver the opportunity to submit to the test, I.C. 9–4–4.5–4(a)(2) and that the refusal was knowingly made or because of the state of intoxication of the accused.[1] I.C. 9–4–4.5–4(e).

The evidence failed to establish whether Gibbs was afforded the opportunity to submit to the test prior to her arrest and whether she knowingly refused to submit to the test. Gibbs was ordered to submit to a sobriety test. There is an absence of evidence to establish whether the deputies were going to test her motor skills or whether she was being offered a breathalyzer test. The evidence established that Gibbs was rude and abusive, but it did not establish that she knowingly refused to take the breathalyzer test. The officer admitted that he did not attempt to explain anything about the test to Gibbs. Furthermore, he testified that he did not know when the implied consent warning was read to Gibbs. The State must show that the accused knowingly refused to submit to the breathalyzer test in order to suspend a license. I.C. 9–4–4.5–4(e). It is axiomatic that one must be informed of the implied consent law and the consequences of a refusal in order to knowingly refuse to submit to the test. While the warning that was given contained the requisite information, the evidence did not show that Gibbs was informed prior to her arrest.

 Gibbs requested her attorney and refused to cooperate. The deputies arrested her without any explanation. Gibbs concedes that the right to counsel does not attach at a breathalyzer refusal confrontation because no criminal proceedings have been initiated. *Davis v. State,* (1977), 174 Ind.App. 433, 367 N.E.2d 1163. Gibbs ar-

gues that upon her request for counsel, the deputies should have informed her that her rights did not attach.

The State argues that the evidence most favorable to the judgment shows that the arresting deputy read Gibbs a breathalyzer warning and that she refused to take the test. The State asserts that it had no duty to explain that her right to counsel did not attach. The evidence only established that Gibbs refused to cooperate with the deputies.

The arresting officer testified that many people often request the assistance of counsel upon being detained for traffic offenses. Thus, many people are commonly mistaken about their rights. Gibbs could have easily been confused about her rights. Moreover, the right to counsel, in implied consent cases, attaches at different times among the various jurisdictions. Annot. 18 A.L.R.4th 705 (1982). We believe that when the accused refuses to submit to a breathalyzer test based upon a mistaken exercise of a constitutional right, the accused must be informed that such right does not exist at this stage in order to establish a knowing refusal pursuant to I.C. 9–4–4.5–4(e). We are not requiring the police to provide legal advice to the accused, but when the accused asserts the right to counsel, the accused should be informed that the right has not attached and that the failure to submit to the breathalyzer test based upon the assertion of the right shall constitute a refusal to take the test resulting in the suspension of driving privileges.

Judgment reversed.

NEAL, J., concurs in result.

RATLIFF, J., concurs in part and dissents in part with opinion.

RATLIFF, Judge, concurring in part and dissenting in part.

I concur in the majority opinion that the proper statutory procedures were not fol-

---

**1.** An arresting officer is not required to offer the test to someone who is unconscious. I.C. 9–4–4.5–3. The State has not alleged that Gibbs was unconscious or too intoxicated to submit to the test.

lowed in this case and that the suspension of Gibbs' driver's license must be reversed for that reason. However, I do not agree that the arresting officer in such a case must inform the accused that the right to counsel does not attach at the stage of the proceedings where the breathalyzer test is offered to the accused. I dissent from that portion of the majority opinion which would impose such a duty upon the officer.