**Thomas G. SZYMENSKI,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 02A03-8603-CR-98.**

Court of Appeals of Indiana,
Third District.

Nov. 18, 1986.

---

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Judge.

Thomas G. Szymenski pled guilty to Criminal Mischief, a Class B misdemeanor, on August 9, 1985. He was assessed ten dollars costs and sentenced to thirty days in jail. The jail sentence was suspended on condition that he stay away from the complaining party. On August 29, 1985, the State filed a motion to revoke Szymenski's suspended sentence due to his continued harassment of the complainant.

At the revocation hearing on October 18, 1985, the complainant testified that on August 20 and August 26, 1985, Szymenski approached her and grabbed her. On both occasions, Szymenski was driven away by a neighbor's warning. The complainant's mother stated that she had chased Szymenski away from her home on August 26, 1985.

On the basis of this evidence, the trial court denied Szymenski's motion for a directed finding and found him in violation of his suspended sentence. Szymenski's suspended sentence was revoked, but stayed pending appeal. On appeal Szymenski claims that the evidence was insufficient to

support the revocation of his suspended sentence.

We affirm.

■ Szymenski initially claims the evidence was insufficient because the State failed to introduce any evidence showing that he had previously been convicted for criminal mischief and was currently subject to conditions of a suspended sentence. At the beginning of the revocation hearing, the trial judge took judicial notice of the August 9, 1985 guilty plea and the conditions which he had previously imposed. Szymenski has failed to argue that the taking of judicial notice was error; consequently, he has failed to preserve this issue for review. *Jaremczuk v. State* (1978), 177 Ind.App. 628, 631, 380 N.E.2d 615, 617. Nonetheless, we conclude that given the special nature of a revocation hearing, formal proof was not required.

■ While it is true that a person on probation is entitled to certain due process rights, *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, it must be remembered that a revocation hearing is in the nature of a civil action. *Shumaker v. State* (1982), Ind.App., 431 N.E.2d 862, 863. Only the legislature has the exclusive power to establish and define criminal offenses. *Culley v. State* (1979), 179 Ind.App. 345, 347–8, 385 N.E.2d 486, 488. Therefore, since conditions of probation are imposed by courts, not the legislature, the determination that those conditions have been breached is not an adjudication of guilt. *Id.* Such a finding has already been made at the initial hearing.

■ Consequently, the defendant at such hearings is not endowed with all the rights he possessed prior to his conviction. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. For example, this state has held that the exclusionary rule is not fully applicable in probation revocation hearings. *Dulin v. State* (1976), 169 Ind.App. 211, 219, 346 N.E.2d 746, 752. Evidence seized illegally will be excluded from a revocation hearing only if it was seized as part of a continuing plan of police harassment or in a particularly offensive manner. *Id.*, 346 N.E.2d at 751.

■ Similarly, while it is widely recognized that a trial court may not take judicial notice of its own records in another case previously before the court even on a related subject with related parties, *Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55, 59, this rule should not be fully applicable in probation revocation hearings. Given the nature of a revocation proceeding, to require technical procedural and evidentiary rules similar to those required at the pretrial and trial phases of our criminal justice system would unduly burden revocation proceedings. *See Dulin,* 346 N.E.2d at 750. Formal proof of the original conviction and the conditions of probation is not required.

■ Certainly, this is true where the petition for revocation is filed in the same court under the same title and cause number as the original conviction.[1] *See Mitchell v. Godsey* (1984), 222 Ind. 527, 53 N.E.2d 150, where a proceeding supplementary to execution filed in the same court under the same title and cause number as the original action was regarded as sufficiently a part of or a continuation of the original action to entitle the court to take judicial knowledge of the records in the original action. *See also Cunningham v. Hiles* (1982), Ind.App., 439 N.E.2d 669, 676. Therefore, it was not error for the trial court to judicially notice the August 9, 1985 guilty plea and the conditions which it had previously imposed.

■ Szymenski also claims that the evidence is insufficient to support revocation because no evidence was introduced identifying him as the person who pled guilty to criminal mischief on August 9, 1985. Admittedly, the State made no effort to prove that the Thomas G. Szymenski who

---

1. In this case, the hearing at which Szymenski pled guilty to criminal mischief was entitled *State of Indiana vs. Thomas G. Szymenski,* cause No. 85–6353. The revocation proceeding, heard in the same court, was entitled *State of Indiana vs. Thomas Szymenski,* cause No. 85–06353.

pled guilty to criminal mischief on August 9, 1985 was the same Thomas Szymenski who was the defendant at the revocation hearing. However, we believe there was sufficient evidence presented at trial from which to infer that the two Thomas Szymenskis were one and the same.

Initially we note that the same trial court judge presided over both proceedings, and the State's only two witnesses were present at both proceedings. Secondly, there is testimony from which to infer that the complainant, her mother and the trial judge were all aware that the person who pled guilty to criminal mischief on August 9, 1985 was the defendant at the revocation hearing. The following testimony occurred on direct examination of the complainant's mother:

"Q. Had you had any contact with the defendant, Mr. Thomas Szymenski, since August 9, 1985?

A. Yes.

Q. Would you identify the first day of contact?

A. Personally, my own contact that I had with Tom was early on Monday morning of August 26th, when I was coming home from work and I pulled in the parking lot."

This same question was asked of the complainant and after some confusion, the trial judge was forced to clarify the question as follows:

"COURT: The question before you ma'am and you were confused on the dates, is whether or not you have had any contact with the defendant, from and after the date on August 9th when he had been sentenced by the Court. Now go ahead, Mr. Prosecutor. That's as far as I can go to characterize the nature of your question."

Later, in describing the contact that she had with the defendant, the complainant stated:

"A. Me and Tom and some friends were drinking out on the picnic table at Woodview Manor apartments, wine, and I said I wanted to go in and I went in to my apartment building and Tom proceeded to follow me, and I said goodbye and he followed me up the stairs and I said, "I'm going in now" and he grabbed ahold of my wrist and he said "oh no you're not...."

From this testimony it is clear that the defendant was the same Thomas Szymenski who pled guilty to criminal mischief on August 9, 1985. Accordingly, the decision of the trial court to revoke his suspended sentence is affirmed.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.