Marcus L. SANDERS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0206–CR–514.

Court of Appeals of Indiana.

Feb. 7, 2003.

Lesa Lux Johnson, Indianapolis, IN, At-
torney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Marcus L. Sanders ("Sanders") was convicted of forgery,[1] as a Class C felony, and theft,[2] as a Class D felony, in Marion Superior Court. He was sentenced to four years, with two years suspended, for forgery and 547 days executed for theft in the Department of Correction, both counts to be served concurrently. He now appeals raising two issues, which we restate as:

I.  Whether the trial court properly considered in its determination of guilt a letter written to the judge by Sanders; and,

II. Whether the State presented sufficient evidence of Sanders's mens rea to satisfy the "intent" element of forgery and theft.

Finding that the court properly considered Sanders's letter and that there was sufficient evidence of Sanders's intent, we affirm.

### Facts and Procedural History

On January 17, 2001, Sanders deposited a $3500 check, dated January 16, 2001 and made out in his name, at the Harvester Credit Union. The check was drawn on the account of "The Herb Shop" and bore "William Parker's" signature. Sanders withdrew $1000 from the account the day he deposited the check, $1000 one day after he deposited the check, $1000 two days after he deposited the check, and the remaining $500, three days after he deposited the check. Subsequently, the $3500 check was found to be counterfeit.

Sanders claimed that he received the check from an Alex Cox ("Cox"). Sanders stated that he had met Cox in November of 2000, while working as a waiter at Red Lobster. Tr. p. 6. Sanders additionally alleged that he was having a secret sexual relationship with Cox. Tr. p. 6. The $3500 check did not bear Cox's name, and Sanders was unable to produce any other information concerning Cox. Tr. pp. 21–22.

Detective Francis Simmons was unable to locate any "Alex Cox" through a check of the Bureau of Motor Vehicles, the records of local utility companies, or the Marion County Justice System. Furthermore, "The Herb Shop" was not located at the address listed on the check, and there was no record of "The Herb Shop" with the Better Business Bureau.

The State charged Sanders on February 23, 2001, with Class C felony forgery and Class D felony theft. Sanders waived a jury trial and proceeded to a bench trial on May 3, 2002. During the trial, Sanders's ex-girlfriend, Kimberly Taylor, testified that Sanders had showed her the $3500 check in late November. Tr. pp. 41–42.

Before announcing the court's verdict, the trial court noted:

Well I would agree that the case does turn on the credibility of defendant in this matter. I [have] noted from the testimony that when the defendant testified here today that he stated under oath that he had been employed at Red Lobster since 1999[;] however, in the letter that he admitted he wrote to me on April the 17th in the year 2001, he indicated that he had been employed with O'Charley's as a waiter for two and a half years and upon his release he

1. Ind.Code § 35–43–5–2 (1998).

2. Ind.Code § 35–43–4–2 (1998).

would maintain his employment with the company.

Tr. pp. 54–55. After noting this inconsistency, as well as several other reasons to doubt the credibility of Sanders, the trial court found Sanders guilty of forgery, as a Class C felony, and theft, as a Class D felony. Sanders was sentenced to four years, with two years suspended, on the forgery charge, and 547 days executed on the theft charge, both counts to be served concurrently. Sanders now appeals.

## Discussion and Decision

Sanders argues that the trial court's consideration of the April 17, 2001 letter, which Sanders wrote to the judge on his own initiative, constituted an improper use of judicial notice, and that the State presented insufficient evidence of his mens rea to prove the "intent" element of forgery and theft.

### I. Judicial Notice

■■■■ A court may take judicial notice of a fact. A judicially-noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Ind. Evidence Rule 201(a) (2001). Judicial notice excuses the party having the burden of establishing a fact from the necessity of producing formal proof. *Hutchinson v. State,* 477 N.E.2d 850, 854 (Ind.1985).

■■■ A trial judge may take judicial notice of the pleadings and filings in the very case that is being tried. *Owen v. State,* 272 Ind. 122, 129, 396 N.E.2d 376, 381 (1979). The court may take judicial notice of a fact, or of the contents of the pleadings and filings in the case before it, and a rebuttable presumption arises, which requires the defendant to come forward with evidence to dispute the presumption. *Id.* (citing *Sumpter v. State,* 264 Ind. 117, 123, 340 N.E.2d 764, 769 (1976)).[3]

Under the holding of *Owen,* the court in the case at bar may take judicial notice of the April 17, 2001 letter in its file[4] if the requirements of Indiana Evidence Rule 201(a) have been met.[5] Of course the issue of whether Sanders worked at O'Charley's for two and a half years is not a fact

---

3. Appellant cites *State v. Hicks,* 525 N.E.2d 316, 317 (Ind.1988), *Hutchinson v. State,* 477 N.E.2d 850, 854 (Ind.1985), and *Szymenski v. State,* 500 N.E.2d 213, 215 (Ind.Ct.App.1986). Appellant asserts that these cases stand for the proposition that it is impermissible for a trial court to take judicial notice of a letter in its file. Br. of Appellant at 7. However, the three cases cited by appellant concern instances where the trial court took judicial notice of its own records from a different case. *See Hicks,* 525 N.E.2d at 317; *Hutchinson,* 477 N.E.2d at 854; *Szymenski,* 500 N.E.2d at 215. Thus, because the case at bar concerns a letter in the court's current file, and not a letter from another case, the three cases cited by appellant are not on point. *Owen,* stating that a court may take judicial notice of documents in its file, is controlling law, and the only issue is whether the requirements of Indiana Evidence Rule 201(a) have been met. *See Owen,* 396 N.E.2d at 381.

4. A court may take judicial notice whether requested or not. Ind. Evidence Rule 201(c).

5. The State claims that Indiana Evidence Rule 201(d) "qualifies" Sanders's letter to be admitted. Indiana Evidence Rule 201(d) states: "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Br. of Appellant at 6. The State's interpretation of Indiana Evidence Rule 201(d) is erroneous. Indiana Evidence Rule 201(d) compels the court to take judicial notice when the requirements of Indiana Evidence Rule 201(a) have been met and a request has been made by one of the parties; Indiana Evidence Rule 201(d) is not a separate category of judicial notice within itself.

suitable for judicial notice. However, the court did not take judicial notice of this fact; rather, it took judicial notice of the fact that Sanders wrote the court a letter claiming that he had worked at O'Charley's for two and a half years. We believe that this is a fact capable of ready and accurate determination, as required by Indiana Evidence Rule 201(a), by simply asking Sanders if he had written the letter—as the trial court did. Tr. p. 44.

Thus, because the trial court properly considered information in its own file, and the information within the file met the requirements of Indiana Evidence Rule 201(a), the court's consideration of the April 17, 2001 letter from Sanders was proper.

## II. The Intent to Deprive Element of Forgery

 Sanders argues that the State did not present sufficient evidence of his mens rea to establish the "intent" element of forgery. Our standard of review for sufficiency claims is well settled. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and the reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Tyson v. State*, 766 N.E.2d 715, 717–18 (Ind.2002) (citing *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)).

To convict a defendant of forgery, the State must prove beyond a reasonable doubt that the defendant, with the intent to defraud, made or uttered a written instrument in such a matter that it purports to have been made by another person. Ind.Code § 35–43–5–2 (1998). Intent in a forgery prosecution, or in any crime for that matter, may be proven by circumstantial evidence. *Williams v. State*, 541 N.E.2d 921, 923 (Ind.1989) (citing *Wendling v. State*, 465 N.E.2d 169, 170 (Ind.1984)).

Specifically, Sanders asserts that the State did not present sufficient evidence to prove that he knew the $3500 check was counterfeit. We disagree. Although Sanders stated that he received the check from Cox, the check was made out to Sanders, and it didn't have Cox's signature on it. Secondly, Cox was never located by the police investigation. Further still, "The Herb Shop" was not located at the address listed on the check. Finally, Sanders's own witness testified that she saw the check in late November-despite the fact that the check was dated for January 16, 2001. Thus, sufficient evidence of Sanders's intent was presented to support his conviction for forgery and theft.

### Conclusion

The court properly considered Sanders's April 17, 2001 letter and there was sufficient evidence to establish Sanders's conviction of forgery, as a Class C felony, and theft, as a class D felony.

Affirmed.

BAKER and RILEY, JJ., concur.