**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 14 2013, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JIMMY D. JONES**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JIMMY D. JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1204-PC-196 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-9312-PC-160463

**June 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Jimmy Jones was convicted in 1994 of attempted murder, a Class A felony, and carrying a handgun without a license, a Class D felony, and sentenced to forty-eight years imprisonment. On direct appeal, this court affirmed Jones's convictions. Jones's 1998 petition for post-conviction relief was denied, and the denial was affirmed on appeal to this court. Jones filed a successive petition for post-conviction relief in 2011. This petition was also denied. Jones now appeals the denial, raising four issues for our review of which we find the following dispositive: whether the post-conviction court clearly erred in finding that his claims were waived. Concluding the post-conviction court did not err, we affirm.

## Facts and Procedural History

Jones was charged with attempted murder and carrying a handgun without a license for shooting at a police officer in November 1993. After the commission of the crime but before Jones's trial and sentencing in July and August 1994, Indiana sentencing statutes were amended. As relevant to this appeal, the amendments added a provision limiting the total of consecutive terms of imprisonment for multiple convictions arising from a single episode of criminal conduct to the presumptive sentence for a felony one class higher than the most serious felony of which the person was convicted; changed the presumptive sentence for murder from forty to fifty years; and lowered the maximum sentence for a Class A felony from fifty to forty-five years. See Ind. Pub. Law 164-1994. The trial court, applying the newly-enacted statutes, sentenced Jones to forty-five years for his Class A felony attempted murder conviction, to be served consecutively to a three-

year sentence for the carrying a handgun without a license conviction for a total sentence of forty-eight years.

Jones filed a direct appeal of his convictions, making two arguments: that his waiver of a jury trial was not knowingly and intelligently made, and that the evidence of his intent to kill was insufficient to support his conviction of attempted murder. See Appellant's Appendix at 94. This court disagreed with both contentions and affirmed his convictions. See id. at 117 (Jones v. State, No. 49A04-9412-CR-508 (Ind. Ct. App., Aug. 30, 1995), trans. denied).

In 1998, Jones filed a petition for post-conviction relief, raising three issues: that he received the ineffective assistance of trial counsel; that the trial court abused its discretion in denying his motion to withdraw his jury waiver; and that he received the ineffective assistance of appellate counsel. See id. at 125-26. The post-conviction court found against Jones on each claim and denied his petition for relief. See id. at 142. This court affirmed the post-conviction court's denial of Jones's petition. See id. at 145 (Jones v. State, No. 49A04-0310-PC-537 (Ind. Ct. App., Oct. 22, 2004)).

In 2011, this court granted Jones permission to pursue a successive petition for post-conviction relief. He filed his petition alleging that his consecutive sentences exceed the length allowed by Indiana Code section 35-50-1-2 and that his appellate counsel was ineffective for failing to raise the sentencing issue on direct appeal. The post-conviction court found that Jones had waived consideration of the issues he raised in his successive petition by failing to raise them previously, but waiver notwithstanding, was not entitled to relief on his claims on the merits, because his sentence was not erroneous and therefore his appellate counsel was not ineffective for failing to raise the

3

issue on appeal. Jones's successive petition was therefore denied. Jones now appeals the denial.

## Discussion and Decision

### I. Standard of Review

In post-conviction proceedings, the petitioner bears the burden of proving he is entitled to relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). "To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." Kubsch v. State, 934 N.E.2d 1138, 1144 (Ind. 2010), reh'g denied.

In addition, the post-conviction court entered findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). "The post conviction court is the sole judge of the weight of the evidence and the credibility of witnesses." Woods v. State, 701 N.E.2d 1208, 1210 (Ind. 1998), cert. denied, 528 U.S. 861 (1999). Although we do not defer to the post-conviction court's legal conclusions, Wilson v. State, 799 N.E.2d 51, 53 (Ind. Ct. App. 2003), "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made[,]" Ben–Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citation and quotation marks omitted), cert. denied, 534 U.S. 830 (2001). "In short, the question before us is whether there is any way the [post-conviction] court could have reached its decision." Id. (quotation omitted).

### II. Waiver

With respect to waiver, the post-conviction court found:

4

Initially the court finds that Jones has waived consideration of the issues raised in this successive petition for post-conviction relief. In his petition Jones raises two issues for consideration, trial court error, and ineffective assistance of appellate counsel. The law in this jurisdiction is settled that sentencing issues which are known or available at the time of direct appeal but are not raised are waived for post-conviction review. The Court also finds that Jones raised the issues of ineffective assistance of appellate counsel in his first post conviction relief petition. Jones also acknowledges this fact in his current arguments to the Court. Consequently, the issue of appellate counsel competence was resolved in the first post-conviction proceeding and therefore, the issue of ineffective assistance of appellate counsel is waived in this second post-conviction proceeding.

Appellant's App. at 209-10 (citations omitted). Jones argues the post-conviction court erred in finding waiver because the State did not raise waiver in its answer to his petition and also because his claims are not waived.

The State does not dispute that it did not raise waiver as an affirmative defense in its answer.[1] However, this is not a matter of the State raising waiver to this court for the first time on appeal after having not raised it to the post-conviction court and the post-conviction court rendering a decision solely on the merits. The post-conviction court found waiver on its own accord and we are reviewing that determination. Moreover, as our supreme court noted in Bunch v. State, 778 N.E.2d 1285, 1287 (Ind. 2002), there is a difference between waiver as an affirmative defense and waiver as a "discretionary judicial doctrine that forecloses an issue on appeal." Just as an appellate court "is not precluded from determining that an issue is foreclosed under a wide variety of circumstances[,]" including where "procedural default of an issue is an appropriate basis to affirm the judgment below[,]" id. at 1289, a post-conviction court should not be precluded from considering whether a petitioner's claims are entitled to review on their

---

[1] In fact, the State did not file an answer at all. See Transcript at 5.

5

merits.  Cf. Clark v. State, 648 N.E.2d 1187, 1191 (Ind. Ct. App. 1995) ("It is clear that at some point, whether specifically pleaded by the State or not, a post-conviction petitioner is not entitled to further review of questions finally determined."), trans. denied. "[C]oncepts of waiver, for failure to raise issues available, and res judicata, barring relitigation of issues previously adjudicated, are fully applicable to post-conviction proceedings."  Id. at 1190.  Therefore, the post-conviction court was not precluded from finding waiver if such a finding was appropriate on the evidence before it regardless of the State's failure to plead it.   Further, we are not precluded from reviewing the post-conviction court's waiver finding, just as we would not be precluded from sua sponte finding the issues foreclosed had the post-conviction court not made that finding on its own.

"The purpose of post-conviction relief proceedings is to afford petitioners a forum in which to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal."  State v. Jones, 835 N.E.2d 1002, 1004 (Ind. 2005) (quotation omitted).

> Proper successive petitions [for post-conviction relief] contain claims that by their nature could not have been raised in earlier proceedings.  Claims that could have been, but were not, raised in earlier proceedings and otherwise were not properly preserved are procedurally defaulted; . . . [c]laims that have already been decided adversely are barred from re-litigation in successive post-conviction proceedings by the doctrine of res judicata.

Matheney v. State, 834 N.E.2d 658, 662 (Ind. 2005).

Jones's claim that the sentence the trial court imposed exceeded statutory authority was known and available at the time of his direct appeal.  The relevant sentencing statutes were amended during the pendency of his case, but the trial court sentenced him pursuant to the statutes in effect on the date of his sentencing, and any claims that the trial court

6

erred in doing so or applied those statutes erroneously should have been raised in his direct appeal. Jones offered the Brief of Appellant filed on his behalf in his direct appeal as evidence in support of his post-conviction petition. Moreover, Jones himself at oral argument before the post-conviction court stated that the sentencing issue was "obvious from the face of the record." Tr. at 13. That the issue was not raised on direct appeal is apparent from the evidence before the post-conviction court, and therefore, the post-conviction court did not err in finding that Jones's post-conviction sentencing claim is waived.

Jones's claim that his appellate counsel was ineffective for failing to raise the sentencing claim on direct appeal should have been raised in his first post-conviction petition when he raised other ineffective assistance of appellate counsel claims. A defendant must present all claims of ineffective assistance of counsel at the same time. Hardy v. State, 786 N.E.2d 783, 787 (Ind. Ct. App. 2003), trans. denied. Again, Jones acknowledges he had previously raised ineffective assistance of appellate counsel claims, see Brief of Appellant at 12, and Jones's first petition for post-conviction relief, in which he alleged ineffective assistance of appellate counsel on other grounds, is subject to judicial notice, see Ind. Evidence Rule 201; Sanders v. State, 782 N.E.2d 1036, 1038-39 (Ind. Ct. App. 2003). Therefore, the post-conviction court did not err in finding that Jones's attempt to assert another, different ground for ineffective assistance of appellate counsel in a successive petition for post-conviction relief is also waived.[2]

---

[2] Because we affirm the post-conviction court on the waiver issue, we need not address the post-conviction court's decision on the merits of Jones's petition.

7

## Conclusion

The post-conviction court did not clearly err in determining that the claims Jones has raised in his successive petition for post-conviction relief were barred because he had failed to raise them previously. The judgment of the post-conviction court denying Jones's successive petition for relief is affirmed.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.