

FILED

May 04 2018, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Allan Moore, *Appellant-Defendant,* | May 4, 2018 |
| | Court of Appeals Case No. 49A02-1708-CR-1712 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Amy Barbar, Magistrate |
| | Trial Court Cause No. 49G02-1501-F5-903 |

**May, Judge.**

[1] Allan Moore appeals the revocation of his probation and the order that he serve his suspended sentence. He argues the manner in which his probation was revoked violated Indiana Code section 35-38-2-3 and his right to due process. We affirm.

Court of Appeals of Indiana | Opinion 49A02-1708-CR-1712 | May 4, 2018            Page 1 of 12

## Facts and Procedural History

[2] On October 28, 2015, Moore pled guilty to Level 5 felony burglary.[1] The court imposed a sentence of 1137 days, with 433 days executed, 704 days suspended, and 365 days on probation. Because Moore had served 325 days and earned 108 credit days before sentencing, he was released to probation upon sentencing.

[3] On December 16, 2015, the State filed a first notice of probation violation that alleged Moore was charged on December 10, 2015, with Class B misdemeanor possession of marijuana[2] for alleged possession that occurred on December 7, 2015. The notice indicated Moore was being held in Marion County Jail.

[4] On December 28, 2015, the State filed an amended notice of probation violation indicating that, while Moore's charge of marijuana possession was still pending, Moore had been released from custody on December 15, 2015. The notice also alleged Moore was arrested on December 20, 2015, and charged the next day with Level 3 felony robbery,[3] Level 5 felony carrying a handgun after conviction of a felony,[4] Level 6 felony auto theft,[5] Level 6 felony

---

[1] Ind. Code § 35-43-2-1 (2014).

[2] Ind. Code § 35-48-4-11 (2014).

[3] Ind. Code § 35-42-5-1 (2014).

[4] Ind. Code § 35-47-2-1 (2014).

[5] Ind. Code § 35-43-4-2.5 (2014).

resisting law enforcement,[6] and Class A misdemeanor resisting law enforcement.[7] Moore "remain[ed] incarcerated" for those charges when the amended notice of probation violation was filed on December 28. (Appellant's App. Vol. 2 at 110.)

[5] On February 25, 2016, the State filed a second amended notice of probation violation that alleged: (1) Moore had pled guilty to his Class B misdemeanor possession of marijuana charge and was sentenced to time served; (2) Moore remained in jail for his December 21 charges of four felonies and a misdemeanor, which were scheduled for trial in April 2016; and (3) on January 29, 2016, the State charged Moore with Class A misdemeanor battery resulting in bodily injury[8] for an incident that allegedly occurred on January 24, 2016.

[6] On May 11, 2017, Moore and the State entered an agreement as to Moore's December 21, 2015, charges: Moore would plead guilty to Level 3 felony armed robbery, and the State would dismiss the other four counts. Moore and the State further agreed the court would impose the following sentence:

> 11 year sentence w/5 years suspended. 4 years executed in the Department of Corrections. 2 Years Community Corrections. 2 years probation. Restitution to [T.C.] in an amount TBD. No contact with [T.C.]. All other aspects of the Defendant's sentence to be left to the discretion of the Court, after argument

---

[6] Ind. Code § 35-44.1-3-1 (2014).

[7] Id.

[8] Ind. Code § 35-42-2-1 (2014).

by the parties.  Should the Defendant violate the terms and conditions of his probation, the Court may order any or all of the suspended time to be executed.

(*Id*. at 113) (errors in original) (emphasis removed).

[7]  When Moore was in court to submit that plea agreement and plead guilty to armed robbery, the following exchange occurred:

> THE COURT:      Now, also if you are out on probation . . . for a case and you commit a new offense, then any sentencing between all those cases would have to be served consecutively to each other, one after the other.  Do you understand that?
>
> THE DEFENDANT:      Yes ma'am.
>
> THE COURT:      And it looks like you have a probation matter that we'll have to be determining at the time of sentencing, correct?
>
> THE DEFENDANT:      Yes ma'am.

(Supplemental Tr. Vol. II at 8-9.)

[8]  Then, on July 6, 2017, when the parties appeared for sentencing on the armed robbery and to deal with the alleged probation violation, the following exchange occurred:

> THE COURT:      Do you have any evidence you wish to present prior to sentencing [Defense Counsel]?

[DEFENSE]:        Your Honor, I did submit a four page article I believe on the 22 of June, about adolescent brain development. . . . [T]hat is the only evidence I wanna [sic] submit and that's particularly focus [sic] on -- we have -- he has that probation violation pending.

THE COURT:        Uh-hum.

[DEFENSE]:        So that would just go to the argument for the sanction on the probation violation.

THE COURT:        Okay.  And remind -- let's see.  Judge Rothenberg took the plea.  Was there any kind of understanding about what was going to happen on this probation violation?

[DEFENSE]:        No it's --

[STATE]:        No Judge.

[DEFENSE]:        -- the sanction's gonna [sic] be up to the court.

THE COURT:        It was three hundred and sixty-five days non-reporting probation.

[DEFENSE]:        Yes.

THE COURT:        And back up time was seven hundred and four days it looks like.

[DEFENSE]:        Yes.

[STATE]:              Yes, Judge.

THE COURT:      Okay.  All right.  State have any evidence you wanted to present?

[STATE]:              No Judge.  No evidence. . . .

THE COURT:      Okay.  Does your client wish to make a statement to the court prior to sentencing?

[DEFENSE]:        No Judge.

THE COURT:      All right.  Argument [Defense Counsel].

[DEFENSE]:        Your Honor regarding the sanction for the probation violation.  I would note that it was three hundred and sixty-five days of non-reporting probation.  Mr. Moore as of today's date is only nineteen years old.  The reason I submitted this article is to give the court some insight perhaps information you already know about adolescent brain development and I wanted to point out a few areas of that article.  I believe his young age at the time of both the probation offense and this offense should be taken into account in determining the appropriate sanction and rehabilitative efforts for Mr. Moore in the future. . . .  I'm asking that you take -- find him in violation but put him on regular probation so that he can continue his step down [after prison and Community Corrections].

(Tr. of Evidence Vol. II at 7-10.)

[9]     After hearing argument from the State, the trial court imposed sentence for the armed robbery and immediately addressed the probation violation:

> Then on your probation matter given that you were only on probation for a few months, three months I think. Less than three months, when you committed an armed robbery, the court will find that you have violated your probation. I will revoke your probation and order that you serve the suspended sentence of seven hundred and four days in the Department of Corrections [sic].

(*Id*. at 12-13.)

# Discussion and Decision

[10] A probation revocation proceeding is civil in nature and a probationer is not entitled to all of the rights afforded to a criminal defendant. *McCauley v. State*, 22 N.E.3d 743, 748 (Ind. Ct. App. 2014), *reh'g denied*, *trans. denied*. The due process requirements for probation revocation hearings are more flexible than in a criminal prosecution. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*. This flexibility allows courts to enforce lawful orders, address and offender's personal circumstances, and protect public safety. *Id*. The specific rights required in revocation proceedings are: (1) written notice of the violation alleged; (2) disclosure of the State's evidence; (3) opportunity to be heard and present evidence; (4) confrontation and cross-examination of witnesses; (5) a "neutral and detached" factfinder; and (6) a written statement of the reason probation is revoked. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. 1997) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). "Whether a party was denied due process is a question of law that we review *de novo*." *Hilligoss v. State*, 45 N.E.3d 1228, 1230 (Ind. Ct. App. 2015).

[11] Indiana codified the due process requirements for probation revocations in Indiana Code section 35-38-2-3. *Parker*, 676 N.E.2d at 1085. When a petition to revoke probation is filed, "the court shall conduct a hearing concerning the alleged violation." Ind. Code § 35-38-2-3(d) (2015). Such a hearing requires evidence be presented in open court and the probationer is "entitled to confrontation, cross-examination and representation by counsel." Ind. Code § 35-38-2-3(f) (2015). In the alternative:

> A person may admit to a violation of probation and waive the right to a probation hearing after being offered the opportunity to consult with an attorney. If the person admits to a violation and requests to waive the probation violation hearing, the probation officer shall advise the person that by waiving the right to a probation violation hearing the person forfeits the rights provided in subsection (f) . . . .

Ind. Code § 35-38-2-3(e) (2015).

[12] Moore asserts the trial court either: (1) violated his right to a hearing under subsection (f), because no evidence was offered to prove Moore violated his probation; or (2) violated his right to be advised that, by admitting the violation, he was waiving his rights to the hearing under subsection (e). As a result, says Moore, he is entitled to a new hearing on whether his probation should be revoked. Under Moore's specific facts and circumstances, we cannot agree.

[13] Nearly thirty years ago, another probationer appealed under nearly identical circumstances, and he also alleged his statutory right to a hearing had been violated:

Henderson had previously been convicted of forgery and sentenced to a term of five (5) years. The trial court suspended the sentence and placed Henderson on probation for a period of five (5) years.

The State filed a petition to revoke probation on the basis of Henderson's involvement in the instant burglary charge. The hearing on the petition to revoke was set for the same day Henderson was to be sentenced for the instant burglary conviction. The trial court sentenced Henderson on the instant case and then proceeded into the hearing on revocation of probation. Henderson requested a continuance to determine whether he was subject to revocation of probation and the court granted the continuance. At a subsequent hearing, the trial court found that the burglary of a dwelling conviction in the instant case constituted a violation of Henderson's probation and accordingly revoked Henderson's suspended sentence and probation and ordered that he serve the five (5) years consecutively to the sentence imposed for the burglary conviction.

Henderson's objections are that he was not given a sufficient hearing and . . . there was insufficient evidence to revoke his probation because no proof was made of the crime alleged to have constituted the violation of his probation, no proof was made of the original condition and the terms of probation imposed as a result of that conviction.

*Henderson v. State*, 544 N.E.2d 507, 512 (Ind. 1989).

[14] Our Supreme Court noted probationers do not have all the rights possessed by those who have not been convicted of a crime and, therefore, probation revocation proceedings do not have the same procedural and evidentiary rules as required prior to conviction. *Id*. at 512-13. In particular, the Court noted,

"while it is widely recognized that a trial court may not take judicial notice of its own records in another case previously before the court even on a related subject with related parties, this rule should not be fully applicable in probation revocation hearings." *Id*. at 513 (quoting *Szymenski v. State*, 500 N.E.2d 213, 215 (Ind. Ct. App. 1986) (internal citation omitted), *reh'g denied*). Based thereon, the Court held: "The burglary conviction [for which the trial court had sentenced Henderson] provided grounds supporting the trial court in its finding that Henderson had violated his probation." *Id*.

[15] Here, the trial court deciding whether Moore violated his probation by committing armed robbery was the very same court that had just sentenced Moore for armed robbery based on Moore's plea of guilty to that crime. *Henderson* held a trial court considering a probation revocation can take notice of a conviction and sentence the court had entered for the same defendant, *id*. at 513, and *Henderson* so held during a time when Indiana had a rule *against* courts taking judicial notice of their own records. *Id*. As Indiana's evidentiary rules now explicitly permit courts to take judicial notice of their own records, *see* Indiana Rule of Evidence 201 (2014), we have no hesitation holding the trial court could take judicial notice of Moore's new conviction and sentence for armed robbery when it was deciding, in the same hearing, whether to revoke Moore's probation from another cause number based on his alleged commission of the same armed robbery for which the conviction and sentence were entered.

[16]     If Moore was not happy that the court was taking judicial notice of his conviction, via guilty plea, of a new crime, he could have objected at the hearing. Evidence Rule 201(e) states: "If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." If a party wishes to challenge the "propriety of taking judicial notice and the nature of the fact to be noticed," *id.*, the party needs only make a "timely request." *Id.* Moore made no such timely request. Instead, his counsel simply asked the court to "find him in violation," (Tr. of Evidence Vol. II at 10), and consider an article about adolescent brain development as it decided the sanction to impose for that probation violation. Accordingly, any objection to the court taking judicial notice of his new conviction was waived for appeal. *See In re Paternity of P.R.*, 940 N.E.2d 346, 350 (Ind. Ct. App. 2010) ("The fact that Mother is now appealing the trial court's action does not constitute a timely request for an opportunity to be heard pursuant to Rule 201(e). Instead, she had to make that request to the trial court.").

[17]     During the combined sentencing and probation revocation hearing, Moore was given an opportunity to present evidence and argument. (*See* Tr. of Evidence Vol. II at 7-10.) Moore does not suggest that he was unaware of the probation violation alleged or that his factfinder was not "neutral and detached." *Parker*, 676 N.E.2d at 1085. Because the trial court could take judicial notice of Moore's new conviction, which was based on Moore's plea of guilty to a new crime, there was no witness to be cross-examined. Under these circumstances, Moore cannot demonstrate his probation was revoked in a manner that violated

Indiana Code section 35-38-2-3 or Moore's right to due process. *See Henderson*, 544 N.E.2d at 512-13 (holding revocation was "not error" under substantially similar circumstances). Accordingly, we affirm.

[18] Affirmed.

Vaidik, C.J., and Altice, J., concur.